THE STATE OF OHIO, APPELLANT, *v.*
ADDISON, APPELLEE.

(No. 87AP-91—Decided
October 1, 1987.)

*Michael Miller,* prosecuting attorney, and *Alan C. Travis,* for appellant.
*Cassidy & Meeks* and *R. William Meeks,* for appellee.

McCORMAC, J. Plaintiff-appellant, state of Ohio, appeals the trial court's modification of the original sentence of defendant-appellee, David A. Addison. The trial court overruled a motion for shock probation pursuant to R.C. 2947.061. However, the court *sua sponte* reconsidered and modified defendant's original sentence.

Defendant-appellee was originally indicted for one count of aggravated burglary, R.C. 2911.11, one count of gross sexual imposition, R.C. 2907.05, and one count of attempted rape, R.C. 2923.02 and 2907.02.

Following plea negotiations, the defendant entered guilty pleas to attempted rape and burglary which are both aggravated felonies of the second degree. A *nolle prosequi* was entered as to the offense of gross sexual imposition.

Defendant was sentenced to two concurrent terms of six to fifteen years' imprisonment for the attempted rape and burglary on September 5, 1986. On September 11, 1986, defendant was imprisoned at the Ohio State Reformatory in Mansfield, Ohio. He is now imprisoned at the Southeastern Correctional Institution in Lancaster, Ohio.

On December 24, 1986, defendant filed a motion for shock probation, pursuant to R.C. 2947.061. If granted, defendant's sentence would have been suspended and he would have been placed on probation.

The trial judge overruled the motion because of the seriousness of the defendant's crime. However, the judge modified the sentence he had previously imposed. He shortened the sentence from concurrent terms of six to fifteen years to concurrent terms of four to fifteen years.

The state appeals the modification of defendant's sentence and sets forth one assignment of error as follows:

"The trial court committed error by ordering a modification of a previously imposed, lawful sentence which had gone into execution."

Criminal procedure in Ohio is regulated entirely by statute. The state has thus created its system of criminal law covering questions of crime and penalties and has provided its own definitions and procedures. *Municipal Ct. of Toledo* v. *State, ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1, paragraph one of the syllabus. Therefore, it is necessary to apply Ohio statutory law to the issue of modification of sentences.

R.C. 2947.061(A) is inapplicable as it requires a motion for probation within sixty days after defendant is delivered to the institution in which he is to begin serving his sentence. The motion herein was filed about three and one-half months thereafter.

R.C. 2947.061(B) gives the trial court further jurisdiction to suspend the further execution of a defendant's

sentence and grant probation. The defendant can make the motion requesting suspension of his sentence at any time after serving six months in the custody of the Department of Rehabilitation and Correction. This motion does not have to be filed during the court term in which the defendant was sentenced.

This suspension of sentence is called shock probation and gives a trial court jurisdiction over the defendant's probation for a limited period of time after the offender has served only a portion of his sentence and has received the shock of incarceration in a penal institution. 1 Anderson's Ohio Criminal Practice & Procedure (1973), Section 51.6*h*, at 662-663, and (1987 Cum. Supp.), at 178-179.

After the defendant makes a motion requesting shock probation, the trial court can grant the motion if the defendant was sentenced for an indefinite term on an aggravated felony of the first, second or third degree and was confined to a state penal or reformatory institution.

In this case, defendant filed a motion on December 24, 1986, requesting that the trial court which sentenced the defendant should suspend the defendant's sentence and place defendant on probation due to mitigating factors. Defendant had not been confined for more than six months in the custody of the Department of Rehabilitation and Correction when he filed the motion. He had been sentenced to two concurrent terms of six to fifteen years for attempted rape and burglary, which are aggravated felonies of the second degree. The defendant was confined to the Southeastern Correctional Institution in Lancaster, Ohio, which is a state penal institution.

R.C. 2947.061(B) provides that the court shall deny, without hearing, any motion not authorized by this division. Thus, the trial court properly denied the motion. However, the court *sua sponte* elected to modify the sentence from a term of six to fifteen years to a term of four to fifteen years.

It is important to note that R.C. 2929.51 enumerates the powers of the court with respect to modifying sentences. Thus, even though the court orders the sentence, the legislature has provided the conditions for modifying sentences in R.C. 2929.51.

R.C. 2929.51(A) provides that, at or after the time of sentencing for a felony up to the time the defendant is delivered to the institution where he is to serve his sentence, the court may suspend the sentence and place the defendant on probation pursuant to R.C. 2951.02.

As a condition of probation on a felony conviction or plea, the court may now require the offender to serve a definite term in a county jail or workhouse. However, the term may not exceed six months, although it may be served "intermittent[ly]," *i.e.*, on weekends, overnight, etc. as the court feels appropriate to allow the defendant to continue to meet his obligations.

Once the defendant has been delivered into the custody of the institution in which he is to serve his sentence, the trial court's authority to suspend sentence under R.C. 2929.51 (A) terminates and it no longer has jurisdiction to entertain requests for probation under R.C. 2951.02.

However, division (B) of R.C. 2929.51 provides that, where the defendant has already been delivered into the custody of the institution to which he was sentenced, the court may suspend the balance of the original sentence and place the defendant on probation pursuant to R.C. 2947.061. In essence, this section permits the granting of shock probation when an indefinite term of imprisonment for a felony is imposed. This must be done

during the periods set out in R.C. 2947.061(A) and (B) as previously outlined.

The state argues that, while a trial court maintains authority to amend its sentence at any time *before* the execution of sentence is commenced, absent statutory authority to do so, a court has no authority to amend a valid sentence which has been put into execution.

In *Lee* v. *State* (1877), 32 Ohio St. 113, the court held that a misdemeanor sentence can be modified prior to execution if the same court is still sitting.

*Lee* v. *State, supra,* paragraph one of the syllabus, states:

"Where a court, in passing sentence for a misdemeanor, has acted under a misapprehension of the facts necessary and proper to be known in fixing the amount of the penalty, it may, in the exercise of judicial discretion and in furtherance of justice, at the same term, and before the original sentence has gone into operation or any action has been had upon it, revise and increase or diminish such sentence within the limits authorized by law."

In *Santo* v. *State* (1910), 17 Ohio C.C.(N.S.) 110, 32 Ohio C.D. 50, the court held that a trial court could modify a felony sentence *prior to its execution* as long as it was done in the same court term in which the defendant was originally sentenced. The case of *Minnick* v. *State* (App. 1929), 7 Ohio Law Abs. 301, which appellee relies upon, also involved a sentence that was not yet executed upon and is not in conflict with the holding herein.

R.C. 2929.51(A) allows the court to grant probation, if the crime is probationable, without restriction of term of court if the offender has not yet been delivered into the custody of the institution in which he is to serve his sentence.

This court, in *Columbus* v. *Messer* (1982), 7 Ohio App. 3d 266, at 268, 7 OBR 347, at 348, 455 N.E. 2d 519, at 521, defined the term "execution of a sentence." When the full sentence of a defendant involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch. *United States* v. *Benz* (1931), 282 U.S. 304; *United States* v. *Davidson* (C.A. 10, 1979), 597 F. 2d 230, certiorari denied (1979), 444 U.S. 861; *Santo* v. *State, supra* (following *Lee* v. *State, supra*).

Defendant was delivered to the Ohio State Reformatory on September 11, 1986. He later was moved to the Southeastern Correctional Institution. These are penal institutions of the executive branch. Thus, the defendant's sentence was executed on September 11, 1986. The trial court modified the defendant's sentence on January 9, 1987.

Once a sentence has been executed, the trial court no longer has the power to modify the sentence except as provided by the legislature. R.C. 2929.51(B) provides authority to a trial court to modify a sentence by shock probation after it is executed. However, there is no statutory authority that grants a trial court the power to lessen a sentence after it is executed. Therefore, after the sentence was executed on September 11, 1986, the trial court had no power to shorten it.

Plaintiff's assignment of error is sustained. The modification of defendant's sentence is reversed and the trial court is ordered to reinstate the original sentence.

> *Judgment reversed*
> *and case remanded.*

YOUNG and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.