**The STATE of Ohio, Appellee,**

v.

**MADER, Appellant.**

[Cite as *State v. Mader* (1994), 97 Ohio App.3d 202.]

Court of Appeals of Ohio,
Butler County.

No. CA94–04–090.

Decided Sept. 19, 1994.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Patricia J. Downing,* Assistant Prosecuting Attorney, for appellee.

*Clayton G. Napier,* for appellant.

WALSH, Judge.

On April 5, 1993, defendant-appellant, Gerald Mader, was charged with ten counts of child endangering in violation of R.C. 2919.22(B). On July 15, 1993, appellant entered pleas of no contest to two counts of child endangering. On July 20, 1993, the Butler County Court of Common Pleas, Juvenile Division, entered judgment finding appellant guilty of two counts of child endangering. The trial court ordered a presentence investigation and continued the case until September 13, 1993 for sentencing. The trial court filed a judgment entry on September 13, 1993 sentencing appellant to six months' incarceration in the Butler County Jail. The trial court's judgment entry fails to even mention the separate counts upon which appellant was found guilty.

On February 25, 1994, the state filed a motion to sentence appellant on the second count of child endangering. The state argued that the trial court had sentenced appellant only on the first count of child endangering in its September 13, 1993 judgment entry.

On March 15, 1994, the trial court entered an amended judgment entry that purported to amend its September 13, 1993 entry to read, "It is further ordered that the Court reserves the ruling on sentencing on the second child endangering charge." On the same day, the trial court entered a second amended judgment entry which purported to amend the September 13 entry to read "It is the order of this Court that the defendant, Gerald Mader, be incarcerated in the Butler County Jail for twelve (12) months with credit given for time served." The trial court granted a stay of execution pending this appeal.

In his sole assignment of error, appellant argues that the trial court erred in resentencing him to a longer jail term after he had been placed in detention and served a substantial portion of his sentence. Appellant further argues that the trial court lacked authority to modify his initial sentence to lengthen its term. We agree.

The trial court's September 13, 1993 judgment entry sentenced appellant to six months' incarceration under case number JV93-04-0767. Thus, the trial court's judgment entry in effect sentenced appellant to a single six-month jail term for both counts of child endangering. The trial court's March 15, 1994 judgment entries attempt to increase appellant's sentence after he was in the custody of the Department of Rehabilitation and Correction, thus subjecting appellant to double punishment for the same offense. *State v. Ballard* (1991), 77 Ohio App.3d 595, 597, 602 N.E.2d 1234, 1235–1236. The trial court was without authority to resentence appellant after he began serving his sentence. See *State v. Addison* (1987), 40 Ohio App.3d 7, 9, 530 N.E.2d 1335, 1337. Accordingly, appellant's first assignment of error is sustained. The trial court's March 15,

1994 amended judgment entries sentencing appellant to be incarcerated in the Butler County Jail for twelve months is vacated, and the trial court's original September 13, 1993 judgment entry is reinstated.

*Judgment reversed.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.