OPINION
On January 10, 1997, appellant Leonard Jenkins was indicted on one count of Drug Paraphernalia (R.C. 2925.14), two counts Possession of Drugs (R.C. 2925.11), and one count of Aggravated Funding of Drug Trafficking (R.C. 2925.05).
On April 24, 1997, appellant entered a plea of guilty to the charge of Possession of Drug Paraphernalia and Possession of Drugs. The charge of Aggravated Funding of Drug Trafficking proceeded to a bench trial. Appellant was convicted as charged.
On May 7, 1997, the Licking County Common Pleas Court sentenced appellant to thirty days incarceration for Possession of Drug Paraphernalia, nine months incarceration on each count of Possession of Drugs, and four years incarceration on Aggravated Funding of Drug Trafficking, with all sentences to run concurrently. This court affirmed the judgment of conviction and sentence on direct appeal.
Counsel for appellant filed a request for judicial release. The State filed a response, arguing that because of the four-year mandatory term of incarceration for Aggravated Funding of Drug Trafficking, appellant was not eligible for judicial release. The court held a hearing on the request. Following the hearing, the court re-sentenced appellant to a three-year mandatory term of incarceration for Aggravated Funding of Drug Trafficking. The court ordered concurrent nine-month terms of incarceration for Possession of Drugs, to be served consecutively to the three-year term of incarceration for Aggravated Funding of Drug Trafficking. The court found that appellant had completed the thirty-day sentence for Possession of Drug Paraphernalia. The court further gave appellant an additional credit of twenty days for time served.
Appellant filed a Notice of Appeal from the judgment entry of re-sentencing. Appointed counsel for appellant filed a Motion to Withdraw pursuant to Anders v. California (1967), 386 U.S. 738. Counsel filed an Anders brief on behalf of appellant, raising a single Assignment of Error:
ASSIGNMENT OF ERROR:
 I. THE TRIAL COURT ERRED IN RE-SENTENCING APPELLANT AFTER A PROPER, VALID AND LEGAL SENTENCE HAD BEEN IMPOSED.
Subsequently, appellant filed a pro se brief with leave of this court. Appellant assigns two errors:
 I. THE TRIAL COURT WAS WITHOUT JURISDICTION TO RESENTENCE THE APPELLANT ON APRIL 1, 1998, AFTER A VALID SENTENCE HAD ALREADY BEEN IMPOSED.
 II. THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW BY FAILING TO FILE JUDGMENT ENTRY OF RULING UPON THE REQUEST FOR JUDICIAL RELEASE.
 I.
As the Assignment of Error raised by counsel on behalf of appellant and the first Assignment of Error raised in his pro se
brief are the same, we consider them together.
Absent statutory authority to do so, a court has no authority to amend a valid sentence which has been put into execution. E.g., State v. Addison (1987), 40 Ohio App.3d 7, 9. In the instant case, appellant had served approximately eleven months of the original sentence before he was re-sentenced. The trial court had no statutory authority to modify a lawful sentence after appellant had served part of that sentence.[1] As the trial lacked any statutory authority to re-sentence appellant, the first Assignment of Error is sustained.
 II.
In his second pro se Assignment of Error, appellant argues that the court erred in failing to rule on his request for judicial release. It is apparent from the record that the court's entry re-sentencing appellant was the court's response to the motion for judicial release. Further, the court's failure to enter a judgment on a motion is properly raised through a Petition for Writ of Mandamus, not through an appeal of a judgment on a different issue in the case.
The second Assignment of Error is overruled.
The April 1, 1998 judgment of the Licking County Common Pleas Court is vacated. The judgment entry of May 7, 1997 is re-instated. The motion of Michelle L. Gramza to withdraw as attorney-of-record for appellant is granted.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the April 1, 1998 judgment of the Licking County Common Pleas Court is vacated. The judgment entry of May 7, 1997 is re-instated. The motion of Michelle L. Gramza to withdraw as attorney-of-record for appellant is granted. Costs to appellee.
[1] It is apparent from the record that the court understood that he was "changing the rules a little bit" to attempt to correct a misunderstanding concerning appellant's sentence. Tr. (Re-sentencing Hearing) 8.