OPINION
This appeal is taken by Defendant-Appellant Dale R. Druckenmiller from the judgment entered by the Court of Common Pleas of Crawford County dismissing his Motion for Judgment Entry Correcting his Sentence.
On July 17, 1989, a Crawford County Jury returned a guilty verdict against Druckenmiller, on the charge of kidnapping a fourteen year old girl at knife point. The court sentenced Druckenmiller to ten to twenty-five years incarceration. The sentencing entry read:
 It is ordered adjudged and decreed by the Court that the Defendant, Dale R. Druckenmiller * * *, in accordance with the verdict of the jury is found guilty of the charge of kidnapping in violation of 2905.01 of the O.R.C., an aggravated felony of the first degree, as set forth in the indictment and is ordered to be imprisoned and confined to the Orient Reception Center for an indefinite period of ten (10) to twenty-five (25) years.
On June 3, 1999 Druckenmiller filed a motion with the court requesting a correction of the original judgment entry. Druckenmiller asserted in his motion that as a matter of law he was entitled to have the Crawford County conviction served concurrently with the parole he was on at the time of his commission of this offense, since the sentencing entry from Crawford County did not specify that he was sentenced consecutively or concurrently with these previous convictions.[1]
After the State filed a reply motion, the trial court issued a judgment entry on August 13, 1999 denying Druckenmiller's requested relief. The trial court ruled that O.R.C. § 2929.41(B)(3) required the Crawford County conviction to be served consecutive to Druckenmiller's previous convictions. On appeal from that dismissal Druckenmiller asserts the following assignment of error:
 The trial court erred and abused its discretion when it erroneously amended appellant's sentencing journal entry from concurrent to consecutive sentences, in violation of criminal rule 43(A) of the Ohio Rules of Criminal Procedure, and Appellant's rights under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.
In his sole assignment of error Druckenmiller asserts that the trial court does not have jurisdiction to modify or amend his previous sentencing entry. It is well-settled that a court has the inherent power and authority to enforce its own judgments. 40 Ohio Jurisprudence 3d (1982) Enforcement of Judgments, Section 1. Under the laws of Ohio the trial court is given the power to carry into execution the sentence or judgment that it has pronounced upon the defendant. Such authority is governed by R.C. 2949.05. It reads:
§ 2949.05 Execution of Sentence.
 In no appeal is filed, if leave to file an appeal or certification of a case is denied, if the judgment of the trial court is affirmed on appeal, or if post-conviction relief under section 2953.21 of the Revised code is denied, the trial court or magistrate shall carry into execution the sentence or judgment which had been pronounced against the defendant.
Once the trial court has carried into execution a sentence as authorized above, it may no longer amend or modify that sentence unless the sentence is invalid. State v. Addison (1987), 40 Ohio App.3d 7,530 N.E.2d 1335; In Re Zilba (1996) 110 Ohio App.3d 258;673 N.E.2d 997; Brook Park v. Necak (1986), 30 Ohio App.3d 118. A sentence is rendered void when there is an attempt by the court "to disregard statutory requirements when imposing a sentence."State v. Beasley (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774,775.
As a matter of law, a person who is convicted of a felony while on parole must serve the sentence for the present conviction consecutive to the sentences imposed by the convictions for which he is currently on parole. R.C. § 2929.41(B)(3). Therefore, if a defendant is found guilty of a felony while on parole the trial court may not, as a matter of law, sentence the defendant for the present conviction and order that the sentence be served "concurrent" to the sentence imposed by the convictions for which he is currently on parole.
The record discloses that the Druckenmiller was convicted of a felony while on parole. The sentencing and judgment entry of trial court order that the defendant serve 10-25 years. However, the entry failed to state whether the sentence was to run concurrently or consecutively. The court after realizing its error changed the entry to mandate that the sentence be served consecutively.
As stated above, the trial court had no authority to sentence Druckenmiller to anything but consecutive sentences. The original sentencing entry was invalid to the extent it might be interpreted to sentence Druckenmiller to concurrent sentences and the actions taken by the trial court to amend and clarify that sentence are well within its jurisdiction. Therefore, no error having been shown Druckenmiller's sole assignment of error is overruled.
Judgment affirmed.
HADLEY, P.J., and WALTERS, J., concur.
[1] Druckenmiller was on parole out of Seneca County for two previous rape convictions.