OPINION
Jack D. Hutchinson appeals from a judgment of the Montgomery County Court of Common Pleas which denied his motion for modification of his sentence.
Hutchinson was convicted of aggravated murder in 1981 and was sentenced to life in prison. On July 5, 2000, he filed a motion in the trial court, pro se, seeking a modification of his sentence on the grounds that sentencing statutes had changed significantly over the years and that he had been adequately punished for his crime. The trial court denied the motion on July 13, 2000, stating that it had no jurisdiction or authority to modify the sentence.
Hutchinson presents one assignment of error on appeal.
 THE TRIAL COURT ERRED IN ITS DECISION TO DENY THE DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE BY ATTESTING THAT THEY [SIC] WERE WITHOUT AUTHORITY AND THAT IT WAS OUT OF THIS COURT[`]S JURISDICTION TO DO SO.
Hutchinson contends that the trial court did have authority to modify his sentence. Criminal procedure in Ohio is regulated entirely by statute; therefore, it is necessary to apply Ohio statutory law to the issue of modification of sentences. State v. Addison (1987),40 Ohio App.3d 7. R.C. 2929.51 provides the trial court with the authority to suspend or modify certain sentences but, in each case, requires the suspension or modification to occur prior to the date on which the offender's sentence is executed. See, also, State v. Rowe (1997), 118 Ohio App.3d 121, 123-124, fn. 7. Moreover, Ohio trial courts do not possess the inherent authority to modify a criminal sentence once that sentence has been executed absent specific statutory authority to do so. Rowe, 118 Ohio App.3d at 123-124; Addison, 40 Ohio App.3d at 8. See, also, In re Zilba (1996), 110 Ohio App.3d 258, 261. When the full sentence of a defendant involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch. Addison, 40 Ohio App.3d at 9; Columbus v. Messer (1982), 7 Ohio App.3d 266, 268.
Hutchinson has been imprisoned for more that twenty years, and he has cited no statutory authority for his claim that, under these circumstances, the trial court had the authority to modify his sentence. Furthermore, the case upon which he relies does not support his position. In State v. Air Clean Damper Co., Inc. (1990),63 Ohio App.3d 656, the state unsuccessfully argued that the trial court had lacked authority to suspend part of a minimum statutory fine at the time of sentencing. The appellate court concluded that the trial court had been authorized to suspend part of the sentence, relying in part upon R.C. 2929.51. Air Clean Damper does not stand for the proposition that the trial court is authorized to modify a sentence at any time. Moreover, the changes in Ohio's sentencing statutes over the last twenty years do not affect the appropriateness of Hutchinson's sentence in any way.
The trial court properly concluded that it lacked the authority to modify Hutchinson's sentence.
The assignment of error is overruled.
BROGAN, J. and YOUNG, J., concur.