DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentencing judgment of the Lucas County Court of Common Pleas. For the reasons stated herein, this court reverses the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On July 24, 2001, appellant was sentenced to two concurrent six month terms of incarceration for violating the terms of his community control.[1] On October 5, 2001, appellant filed a motion for jail time credit. On November 13, 2001, the trial court vacated its six month sentences of July 24, 2001, imposed concurrent fourteen month sentences for each offense and granted him three hundred seventy-nine days jail time credit. Appellant filed notices of appeal in both cases. On December 27, 2001, this court ordered that the two appeals be consolidated for purposes of appeal. On May 21, 2002, this court denied the state's motion to dismiss appellant's appeal. In its motion to dismiss, the state had argued that because appellant had already served his sentence, there remained no further matter in controversy and that the appeal was moot. Appellant filed a memorandum in opposition and argued that although he has no personal stake in the outcome of the appeal, the issue involved was capable of repetition yet evaded review. This court found that the issue raised in the resentencing order presented a matter of great public or general interest.
 {¶ 3} Appellant sets forth the following assignment of error:
 {¶ 4} "THE TRIAL COURT COMMITTED ERROR IN IMPOSING A FOURTEEN MONTH SENTENCE ON MR. FLETCHER AS HE HAD ALREADY BEGUN SERVING A SIXTH MONTH SENTENCE WHICH HAD BEEN LAWFULLY IMPOSED FOR THE SAME OFFENSES."
 {¶ 5} In his assignment of error, appellant argues that the trial court was without jurisdiction to impose a harsher sentence upon him after he had begun serving his six month term. This court finds merit in this assignment of error.
 {¶ 6} Absent statutory authority to do so, a court has no authority to amend a valid sentence which has been executed. State vs.Addison (1987), 40 Ohio App.3d 7, 9. See, also, In re Zilba (1996),110 Ohio App.3d 258, 261 ("It has been clearly stated that once execution of sentence has begun, the trial court may not amend the sentence to increase the punishment.") In the case sub judice, appellant had served over two months of the original sentence before he was resentenced. The trial court had no statutory authority to modify a lawful sentence after appellant had served part of that sentence.
 {¶ 7} Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 8} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed and remanded for entry of the correct sentence. It is ordered that appellee pay the court costs of this appeal.
JUDGMENT REVERSED.
James R. Sherck, J., and Richard W. Knepper, J., CONCUR.
[1] Appellant's community control was imposed in August 1998 after he pled guilty to two separate indictments, one for possession of LSD and another for possession of cocaine.