OPINION
{¶ 1} This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Terry W. Frazier, appeals the trial court's decision to impose more than the minimum sentence following his conviction for felonious assault.
 {¶ 2} On September 3, 1999, the Lake County Grand Jury indicted appellant on one count of felonious assault in violation of R.C.2903.11(A)(1), one count of felonious assault in violation of R.C.2903.11(A)(2), and one count of abduction in violation of R.C. 2905.02. Pursuant to a negotiated plea agreement with the state, appellant entered a written and oral plea of guilty to the one count of felonious assault in violation of R.C. 2903.11(A)(2) in exchange for the dismissal of the remaining charges. After accepting appellant's plea, the trial court referred him to the probation department for a presentence investigation report, a drug and alcohol dependency evaluation, and a victim impact statement. The trial court then conducted a sentencing hearing, during which the court sentenced appellant to a definite four-year term of imprisonment.
 {¶ 3} Appellant, acting pro se, filed a motion to vacate and/or modify his sentence on September 22, 2000. On the same day, an assistant Lake County public defender filed a motion for judicial release on appellant's behalf. The trial court considered both motions, and in a judgment entry dated October 25, 2000, denied them.
 {¶ 4} On February 20, 2001, appellant filed another pro se motion to modify his sentence that was also denied by the trial court. From this decision, appellant filed a timely notice of appeal. Upon appellant's motion, this court appointed counsel to represent him on appeal. Appellant's attorney subsequently filed a motion asking this court for leave to file a delayed appeal from the trial court's February 29, 2000 sentencing entry, which we granted. The two appeals now have been consolidated for all purposes.
 {¶ 5} Although appellant does not specifically address the issue raised in his first appeal, i.e., the trial court's denial of his pro se motion to modify sentence, we note that once a sentence is executed, "a trial court no longer has the power to modify the sentence except as provided by the General Assembly." State v. Hayes (1993),86 Ohio App.3d 110, 112. See, also, State v. Jackson (1997),123 Ohio App.3d 22, 25. When a sentence involves imprisonment, as is the case here, "the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." State v. Addison
(1987), 40 Ohio App.3d 7, 9. Because there is no statutory authority granting a trial court the power to lessen a sentence after execution,Id., the trial court in the instant matter did not have the authority to consider appellant's motion and properly denied it.
 {¶ 6} Essentially, appellant argues that the record does not support the trial court's decision to sentence him to more than the minimum sentence. According to appellant, there is nothing to indicate that his conduct in this case was any more serious than the necessary conduct sufficient to support a charge of felonious assault.
 {¶ 7} R.C. 2929.14(B) directs the sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at 6. However, in interpreting this requirement, the Supreme Court of Ohio has held:
 {¶ 8} "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, syllabus.
 {¶ 9} According to Edmonson, a trial court is not required to give its reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before the court can lawfully impose more than the minimum authorized sentence. Bradford at 7. Rather, when sentencing a person to first-time imprisonment, the trial court merely has to state somewhere on the record that one or both of the reasons set forth in R.C. 2929.14(B) justify a sentence which is longer than the minimum.Bradford at 7-8. In other words, the trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Edmonson at 326.
 {¶ 10} This court has held on numerous occasions that the findings mandated by R.C. 2929.14(B) "must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing." (Emphasis added.) State v. Rone (Dec. 4, 1998), 11th Dist. No. 98-A-0001, 1998 Ohio App. LEXIS 5813, at 6. See, also, State v. Hoskins
(Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232. That is, "so long as the trial court makes the required finding on the record, it does not matter whether it is made in the sentencing entry or during the sentencing hearing itself." State v. Jaryga (Dec. 28, 2001), 11th Dist. No. 99-L-179, 2001 Ohio App. LEXIS 6002, at 13.
 {¶ 11} After looking at the record before us, we conclude that the trial court fully complied with R.C. 2929.14(B), this court's application thereof, and Edmonson, when it deviated from the minimum sentence. The trial court's judgment entry contains the following finding: "The Court finds pursuant to R.C. 2929.14(B) that the shortest prison term will demean the seriousness of [appellant's] conduct." Although it may be better if trial courts would provide more of an explanation in these matters, they simply are not required to do so.
 {¶ 12} Nevertheless, appellant acknowledges that a trial court is under no obligation to specifically identify the evidence that it relies upon when making the requisite findings under R.C. 2929.14(B). Rather, he argues that even though the trial court does not have such an obligation, the record still must support the trial court's decision to deviate from the minimum sentence.
 {¶ 13} Under R.C. 2953.08, our review of a felony sentence is de novo. Bradford at 1. However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 14} Even when a trial court imposes more than the minimum sentence but does not make the required statutory findings under R.C.2929.14(B) on the record, an appellate court should not re-sentence the offender. Rather, the appellate court should remand the matter to the trial court if the record otherwise would have been sufficient to support more than the minimum prison term. State v. Jones, 93 Ohio St.3d 391,400, 2001-Ohio-1341.
 {¶ 15} Fortunately, that is not the case here as the trial court did include the required statutory language, and the record in this case clearly supports the trial court's decision to impose more than the minimum sentence. On the day of the incident, appellant and his wife, the victim in this case, had a disagreement over appellant's drinking. Eventually, the disagreement escalated to the point where appellant pulled a knife from his back pocket because he "thought he could scare and intimidate her with [it]." In an effort to keep appellant away from her, appellant's wife tried to grab his wrists; unfortunately, she accidentally touched the knife blade and cut her thumb. Appellant then began choking his wife and telling her he was going to kill her. When appellant finally noticed that his wife was bleeding, he had his sister take her to the hospital, where she received thirty stitches. Before she left, however, appellant warned his wife to tell people that she had cut her thumb while "cutting potatoes and if the police came to the house he would kill [their twenty-month-old son] and himself."
 {¶ 16} In addition, appellant also has a lengthy criminal record that includes convictions for, among other things, assault, aggravated menacing, disorderly conduct, and domestic violence. Moreover, appellant abuses alcohol and suffers from serious mental health issues that have required hospitalization in the past. Taken into consideration with appellant's failure to respond favorably to previously imposed sanctions, there is no question that the minimum sentence would demean the seriousness of appellant's conduct.
 {¶ 17} Based on the foregoing analysis, appellant's sole assignment of error has no merit. The judgment of the trial court, therefore, is affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.