OPINION
{¶ 1} Defendant-appellant Jacob L. Glover appeals the November 27, 2002 Nunc Pro Tunc Judgment Entry of the Licking County Municipal Court which increased his original sentence for driving while under the influence of alcohol. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE[1]
 {¶ 2} On November 15, 2002, appellant was arrested, and charged with driving left of center, in violation of Newark Ordinance 432.01, a minor misdemeanor, a marked lane violation of R.C. 4511.33, a minor misdemeanor, and driving under the influence of alcohol, in violation of R.C. 4511.19, a misdemeanor of the first degree. In the remarks section of the ticket, the officer noted this was appellant's second DUI.
 {¶ 3} At his November 20, 2002 arraignment, appellant plead no contest to all charges. In a November 20, 2002 Judgment Entry, the trial court sentenced appellant to ninety days in jail with sixty days suspended. The trial court also fined appellant $400.00, issued a license suspension for two years and placed appellant on two years probation. As a condition of the probation, appellant was not to consume any alcohol. Appellant was immediately taken into custody and his vehicle was ordered immobilized.
 {¶ 4} On November 27, 2002, after appellant had served seven days of his thirty day sentence, the trial court conducted a resentencing hearing. The trial court confronted appellant and his attorney with the transcript of the plea hearing and with the fact appellant had a felony DUI conviction that neither appellant nor appellant's attorney brought to the court's attention at the original sentencing hearing.
 {¶ 5} At the plea hearing, the trial court questioned appellant about a previous administrative license suspension imposed in 1998. At that time, the following exchange took place on the record:
 {¶ 6} "THE COURT: That's the second in six. Then he had a, he had an ALS in '98. What happened on that one?
 {¶ 7} "MR. STOKES: Remember getting charged in '98?
 {¶ 8} "DEFENDANT: No, I don't. I thought that was —
 {¶ 9} "THE COURT: Got dismissed or something?
 {¶ 10} "MR. STOKES: Must have.
 {¶ 11} "DEFENDANT: Must have. I don't remember that.
 {¶ 12} "RECORDER: He had an underage purchase/consumption in '98.
 {¶ 13} "THE COURT: No, he had an administrative license suspension in '98 which means that he was arrested for DUI. It may have been dismissed." Tr. at 3.
 {¶ 14} Between the time appellant began his sentence and the time of the resentencing hearing, the trial court learned the ALS suspension, about which the court had inquired, did not result in a dismissal, but rather a felony DUI conviction. The trial court noted the matter sub judice was actually appellant's third DUI offense within six years and therefore, the previous sentence did not meet the minimal requirements for sentencing. While appellant's vehicle was impounded, after a third DUI offense, appellant's vehicle was to have been forfeited. In addition, the sentencing laws required the fine to be higher and the sentence to be longer.
 {¶ 15} In a November 27, 2002 Nunc Pro Tunc Judgment Entry, the trial court ordered appellant's vehicle forfeited, fined appellant $500.00, and ordered appellant to serve 180 days in jail with no time suspended. It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 {¶ 16} "The trial court erred in re-sentencing appellant on November 27, 2002, after appellant had served seven (7) days of a 30 day sentence pursuant to a sentence imposed on November 20, 2002 on the same case for the same charge."
 I. {¶ 17} In appellant's sole assignment of error, he maintains the trial court erred in increasing his sentence after he had served seven days of his sentence. We agree.
 {¶ 18} Absent statutory authority to do so, a court has no authority to amend a valid sentence which has been put into execution. See State vs. Addison (1987), 40 Ohio App.3d 7, 9.[2] In the matter sub judice, appellant had served approximately seven days of the original sentence before he was re-sentenced. We recognize appellant's convenient lack of memory and/or intentional misrepresentation led the trial court to sentence appellant within a lower mandatory penalty framework. Nevertheless, the trial court had no statutory authority to modify its lawful sentence after appellant had served part of that sentence. Because the trial lacked authority to re-sentence appellant, appellant's sole assignment of error is sustained.
 {¶ 19} The November 27, 2002 Judgment Entry of the Municipal Court of Licking County is vacated. The original November 20, 2002 Judgment Entry is ordered reinstated.
By: Hoffman, P.J., Edwards, J. and Boggins, J. concur.
Topic: increase in sentence after commencement of sentence.
[1] Appellee failed to file a brief herein. Pursuant to App.R. 18(C) we accept appellant's statement of the facts and the issues as correct.
[2] We note that State v. Addison (1987), 40 Ohio App.3d 7, dealt with modification of a felony sentence under R.C. 2929.51(A) and (B) rather than a misdemeanor modification under R.C. 2929.51(D).