OPINION
{¶ 1} Ralph Palmer was indicted on seven counts of rape of two children under age thirteen, in violation of R.C. 2907.02(A)(1)(b). The first three counts involved the victim C.P. and the remaining four counts involved the victim M.P.
 {¶ 2} Palmer pleaded guilty to counts 1 and 2 and to counts 6 and 7. The trial court imposed concurrent ten year sentences on counts 1 and 2 and concurrent ten year sentences on counts 6 and 7. The sentences imposed on counts 1 and 2 and on counts 6 and 7 were ordered to be served consecutively for an aggregate sentence of twenty years. No appeal was taken from the final judgment imposing these sentences, which was entered in March, 1999.
 {¶ 3} In August, 2003, Palmer moved to correct his sentence to four concurrent ten year sentences, claiming the four rapes were allied offenses of similar import. See R.C. 2941.25. The trial court overruled the motion. On appeal, Palmer claims the trial court erred in not recognizing the application of R.C. 2941.25. He further asserts, for the first time, that his sentence violates the Double Jeopardy Clause.
 {¶ 4} We do not reach the merits of Palmer's contentions.
 {¶ 5} The trial court determined that there was no "legal basis" for the relief Palmer seeks. We agree.
 {¶ 6} In opposing an earlier motion for modification of sentence that Palmer had filed, the State cited State v. Hutchinson (Apr. 27, 2001), Montgomery App. No. 18451, which provides in part as follows:
 {¶ 7} "Criminal procedure in Ohio is regulated entirely by statute; therefore, it is necessary to apply Ohio statutory law to the issue of modification of sentences. State v. Addison (1987), 40 Ohio App.3d 7. R.C. 2929.51 provides the trial court with the authority to suspend or modify certain sentences but, in each case, requires the suspension or modification to occur prior to the date on which the offender's sentence is executed. See, also, State v. Rowe (1997), 118 Ohio App.3d 121,123-124, fn. 7. Moreover, the Ohio trial courts do not possess the inherent authority to modify a criminal sentence once that sentence has been executed absent specific statutory authority to do so. Rowe,118 Ohio App.3d at 123-124; Addison, 40 Ohio App.3d at 8. See, also, In reZilba (1996), 110 Ohio App.3d 258, 261. When the full sentence of a defendant involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch. Addison, 40 Ohio App.3d at 9; Columbus v. Messer (1982),7 Ohio App.3d 266, 268."
 {¶ 8} Presumably the trial court relied on Hutchinson in overruling Palmer's motion for correction of sentence and Palmer's earlier motion for modification of sentence.
 {¶ 9} On appeal, the State, in defending the action of the trial court, cites State v. Rowe, supra, upon which Hutchinson relied.
 {¶ 10} On the basis of these authorities, we conclude that the trial court properly determined that it was without authority to correct Palmer's sentence.
 {¶ 11} Palmer's assignment of error is overruled.
 {¶ 12} The order appealed from will be affirmed.
Fain, P.J. and Grady, J., concur.