OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Dali J. Brown, filed March 10, 2005. Brown was sentenced on February 6, 2002, to six years on two counts of felonious assault, to run concurrently, and three years on each count for two attendant fire arm specifications. The trial court merged the fire arm specifications and ordered that they be served consecutively to the concurrent six year sentences, for a total of nine years incarceration.
 {¶ 2} We affirmed Brown's conviction and sentence on May 23, 2003. On December 10, 2004, Brown filed a "Motion for Modification of Sentence, R.C. 2929.51." The trial court denied the motion on February 10, 2005.
 {¶ 3} Brown's assignment of error is as follows:
 {¶ 4} "THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, ERRED TO THE SIGNIFICANT PREJUDICE OF THE APPELLANT BY RULING THAT THE COURT IS WITHOUT JURISDICTION TO GRANT THE REQUESTED MODIFICATION"
 {¶ 5} Brown mistakenly relies on R.C. 2929.51, arguing that it permits the trial court to modify his sentence. "R.C. 2929.51
enumerates the powers of the court with respect to modifying sentences. Thus, even though the court orders the sentence, the legislature has provided the conditions for modifying sentences in R.C. 2929.51." State v. Addison (1987), 40 Ohio App.3d 7, 8,530 N.E.2d 1335. "Once a sentence has been executed, the trial court no longer has the power to modify the sentence except as provided by the legislature." Id. "[T]here is no statutory authority that grants a trial court the power to lessen a sentence after it is executed." Id. "When the full sentence of a defendant involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." Id.
 {¶ 6} Brown's sentence was executed in February of 2002, and there is accordingly no statutory authority to invoke the jurisdiction of the trial court to modify his sentence. The judgment of the trial court is affirmed.
Brogan, P.J. and Fain, J., concur.