OPINION
{¶ 1} Defendant-Appellant David R. Dressler, pro se, appeals the judgment of the Defiance County Common Pleas Court dismissing his petition for post-conviction relief without a hearing.
 {¶ 2} On December 5, 2002, the Defiance County Grand Jury indicted Appellant on one count of aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(2), (C)(1), a first degree felony, and one count of aggravated possession of drugs, a violation of R.C. 2925.11(A), (C)(1)(e), a first degree felony. The indictment resulted from Appellant's participation in transporting ten pounds of methamphetamine valued at $130,000 from Indiana to Defiance County, Ohio.
 {¶ 3} Appellant pled not guilty at arraignment. On April 10, 2003, the trial court held a combined change of plea and sentencing hearing. Appellant withdrew his previously tendered pleas of not guilty and entered a plea of guilty to one count of aggravated trafficking in drugs. In exchange, the State of Ohio dismissed the major drug offender specification, amended the indictment as to the weight of the drug, and dismissed the second count of the indictment. The trial court sentenced Appellant to a prison term of nine years, making four years mandatory time.
 {¶ 4} A year and a half later, on October 27, 2004, Appellant filed a notice of appeal and a motion for leave to file a delayed appeal, challenging the trial court's failure to make findings under R.C.2929.14. On December 17, 2004, this Court dismissed Appellant's motion as untimely filed. Appellant appealed to the Ohio Supreme Court, which declined jurisdiction on May 31, 2005.
 {¶ 5} Appellant filed an application for delayed reopening of appeal on June 21, 2005, arguing that R.C. 2929.14 was unconstitutional in light of Apprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed.2d 435 and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. On August 11, 2005, the Court denied Appellant's application, on the basis that no appeal had been perfected. On December 13, 2005, Appellant filed a second application for delayed reopening of appeal, which the Court denied on February 9, 2006.
 {¶ 6} On May 18, 2006, Appellant filed a "motion to vacate and correction [sic] of sentence" to challenge his sentence based onApprendi, Blakely, United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, and State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. On June 15, 2006, the trial court denied Appellant's motion as an untimely filed petition for postconviction relief.
 {¶ 7} Appellant now appeals and asserts two assignments of error for our review.
 Assignment of Error I The Trial Court erred when it did not hold an evidentiary hearing and did not resentence the [d]efendant-[a]ppellant, because the [a]ppellant's sentence is void when [h]e was sentenced under sentencing [s]tatutes that have been determined to be unconstitutional under the Ohio Supreme Court's ruling in State V. Foster , supra, and the United States Supreme Court's rulings in Apprendi V. New Jersey , supra, supra, [sic] followed by Ring V. Arizona , supra, followed by Blakely V. Washington , supra.
 Assignment of Error II The Trial Court erred and abused it's [sic] discretion by sentencing the [a]ppellant to a nine (9) year term of imprisonment based upon findings of R.C. § 2929.14(B) and § 2929.12, thus violating the [a]ppellant's Fifth, Sixth and Fourteenth Amendment rights to a [j]ury determining findings of fact that increase a [d]efendant's sentence beyond the [s]tatutory maximum, without admissions from the [d]efendant, nor included within the [i]ndictment, and the term imposed as such should be vacated and corrected to be in compliance with the U.S. Supreme Court's holdings in Apprendi V. New Jersey , supra followed by Ring V. Arizona , supra, and Blakely V. Washington,, [sic] leading the Ohio Supreme Court's ruling in State V. Foster , supra (2006).
 {¶ 8} The assignments of error are essentially the same, and in the interest of convenience, they will be considered together.
 {¶ 9} Appellant contests the trial court's failure to hold an evidentiary hearing on his motion and the judgment entry denying the motion as being an untimely filed petition for post-conviction relief. Appellee also contends he is entitled to a new sentencing hearing in light of Foster because the trial court retains continuing jurisdiction to vacate and correct a void sentence.
 {¶ 10} Appellee contends the trial court did not err and that the petition is time-barred by statute. Should this Court find the petition timely filed, Appellee next argues that it is barred by the doctrine of res judicata. Finally, if this Court were to reach the merits of the petition, Appellee contends Foster is inapplicable for two reasons: (1) The sentence was not the maximum. (2) Appellant was sentenced on only one charge so that there was no consecutive sentence.
 {¶ 11} More than three years after sentencing, on May 18, 2006, Appellant filed a pleading captioned, "motion to vacate and correction [sic] of sentence". The trial court interpreted the motion as a petition for post-conviction relief. State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304, 679 N.E.2d 1131, syllabus ("[w]here a criminal defendant, subsequent to his * * * direct appeal, files a motion seeking vacation or correction of his * * * sentence on the basis that his * * * constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.") This Court has previously held that a trial court need not consider an untimely filed petition for post-conviction relief. See State v. Avery, 3rd Dist. No. 14-04-06, 2004-Ohio-4165, at ¶ 14 (citing R.C. 2953.21(C)).
 {¶ 12} Trial courts have sound discretion in determining whether to hold an evidentiary hearing under R.C. 2953.21(C). State v. Pishok, 3rd Dist. No. 13-0511, 2005-Ohio-5467, at ¶ 4 (citingState v. Chaiffetz, 3 Dist. No. 9-99-23, 1999-Ohio-872; State v.Cunningham, 3rd Dist. No. 1-04-19, 2004-Ohio-5892, at ¶ 13 (citing State v. Calhoun, 86 Ohio St.3d 279, 284, 1999-Ohio-102,714 N.E.2d 905)). An "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (quoting State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted)).
 {¶ 13} The post-conviction relief statute states in pertinent part:
 [a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
R.C. 2953.21(A)(1)(a). The time frame for filing a petition is set forth in R.C. 2953.21(A)(2). In this case, Appellant did not file a direct appeal. Therefore, except as provided in R.C. 2953.23, he was required to file a petition for postconviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).
 {¶ 14} Final judgment was entered on April 10, 2003 when Appellant pled guilty and was sentenced to nine years in prison. Appellant failed to file a direct appeal, which would have been due on or about May 12, 2003. Counting forward 180 days, Appellant was required to file a petition for post-conviction relief on or about November 10, 2003. Appellant's petition was not filed until May 18, 2006, approximately two and one-half years late. Therefore, Appellant's petition is untimely filed under R.C. 2953.21(A).
 {¶ 15} R.C. 2953.23 provides exceptions to the filing restrictions established in R.C. 2953.21(A). However, this Court has held that R.C.2953.23 is inapplicable when the petition is not timely filed under R.C.2953.21(A) and raises non-death penalty sentencing issues. State v.Lucas, 3rd Dist. No. 9-05-31, 2006-Ohio-2508, at ¶ 12. Appellant's attempt to challenge the constitutionality of his sentence falls squarely within the holding of Lucas.
 {¶ 16} As to Appellant's argument that the trial court retained continuing jurisdiction to modify his sentence, this Court finds the argument without merit. The record does not contain any filing indicating that Appellant would receive a new sentencing hearing afterFoster. The Ohio Supreme Court specified that Foster operated retroactively to affect only pending cases and those cases on direct appeal. Foster, at ¶¶ 103-104. Ohio law is clear that a trial court does not retain jurisdiction once a sentence has been ordered into execution "except under very limited circumstances." State v. Clark, 8th Dist. No. 82519, 2003-Ohio-3969, at ¶ 20 (citingState v. Garretson (2000), 140 Ohio App.3d 554, 558, 748 N.E.2d 560
(citing State v. Addison (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335)). Trial courts retain jurisdiction "to correct `void' sentencing orders, which are defined as those made in an attempt `to disregard statutory requirements.'" Id. (quoting State v. Beasley (1984), 14 Ohio St.3d 74,75, 471 N.E.2d 774). Trial courts also retain jurisdiction to correct clerical errors. Id. (citing Crim.R. 36; State v. Garretson, supra at 559, 748 N.E.2d 560; State v. Brown, 136 Ohio App.3d 816, 819-820,2000-Ohio-1660, 737 N.E.2d 1057). Neither of these scenarios are presented in this case. Foster was decided after Appellant's sentence became final, and the Ohio Supreme Court did not extend its holding to cases such as Appellant's.
 {¶ 17} In view of the foregoing, the trial court did not err in finding Appellant's petition untimely filed. Since a trial court is not required to consider an untimely petition for post-conviction relief, it did not abuse its discretion when it failed to hold an evidentiary hearing. Both assignments of error are overruled.
 {¶ 18} The judgment of the Defiance County Common Pleas Court is affirmed.
Judgment affirmed.
ROGERS and SHAW, JJ., concur.