OPINION
{¶ 1} Defendant-appellant Keith T. Theis appeals the judgment of the Seneca County Court of Common Pleas denying his pro se motion to vacate his prison sentence and resentence him. Although we analyze Theis's motion differently than the trial court did in this case, we find the trial court did not err, and we affirm.
 {¶ 2} On February 17, 2000, the Seneca County Grand Jury indicted Theis for one count of child endangerment in violation of R.C.2919.22(B)(1) and (E)(2)(d), a second-degree felony. The matter proceeded to a jury trial. On November 2, 2000, the jury found Theis guilty. That same day, the trial court sentenced Theis to an eight-year prison term.
 {¶ 3} On November 30, 2000, Theis appealed his conviction and sentence to this court. Theis was granted additional time to file the trial transcript, and, on October 14, 2002, this court affirmed. State v.Theis, 3d Dist. No. 13-00-39, 2002-Ohio-7465. Thereafter, Theis appealed to the Ohio Supreme Court, but, on January 29, 2003, the court declined to accept his appeal. State v. Theis, 98 Ohio St.3d 1424, 2003-Ohio-259,782 N.E.2d 78.
 {¶ 4} In his brief, Theis claimed he filed a petition in federal district court, on June 14, 2004, for a writ of habeas corpus. Apparently, the district court declined to issue the writ, and, on October 11, 2005, the court of appeals denied *Page 3 
Theis a "certificate of appealability." Theis subsequently sought a writ of certiorari in the United States Supreme Court.
 {¶ 5} On February 27, 2006, the Ohio Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which held unconstitutional portions of Ohio's felony sentencing framework that required judicial fact-finding. Foster at ¶¶ 97, 103. Where possible, the court severed the unconstitutional portions. Id. The court also specified that its decision applied to pending cases and cases on direct appeal. Id. at ¶¶ 104-106.
 {¶ 6} On March 27, 2006, the United States Supreme Court denied Theis a writ of certiorari.
 {¶ 7} On September 20, 2006, Theis filed a pro se motion with the trial court. Notably, he captioned the motion: "Motion to Correct or Vacate Sentence Pursuant to the Mandates Embodied in Blakely v.Washington, (2004) 124 S.Ct. 2531; Apprendi v. New Jersey, (2000) 530 U.S. 466; State v. Foster, Supreme Court No. 2004-1568; and O.R.C. 2953.08(A)(4)." In the motion, Theis argued the trial court made certain judicial findings when it sentenced him, and, as a result, the trial court violated his constitutional right to trial by jury. To remedy the constitutional violation, Theis asked the trial court to vacate his prison sentence and resentence him.
 {¶ 8} On November 13, 2006, the trial court held a hearing on the motion. Theis appeared at the hearing with counsel. The day after the hearing, the trial *Page 4 
court issued a judgment entry that denied the motion. In doing so, the trial court determined the Ohio Supreme Court's decision inFoster did not apply in this case.
 {¶ 9} Theis now appeals the trial court's judgment to this court and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court erred in denying the appellant's motion to correct or vacate sentence [sic].
 {¶ 10} In his sole assignment of error, Theis argues the trial court erred when it determined Foster did not apply in this case. For support, Theis cites the Sixth Appellate District's decision in State v.Machaterre, 6th Dist. No. L-05-1193, 2006-Ohio-1235, which appliedFoster, vacated the defendant's sentence, and remanded the case for resentencing. Unfortunately, nothing in Machaterre indicates that the case was pending or on direct appeal at the time that Foster was decided.
 {¶ 11} Upon review, we believe the threshold issue is whether Theis's pro se motion constitutes a petition for post-conviction relief, not whether Foster applies in this case. Regardless of its caption, a motion is a petition for post-conviction relief if the defendant: filed the motion after the defendant's direct appeal; claimed a denial of a constitutional right; sought to render a final judgment void; and asked the trial court to vacate the judgment and sentence. State v. *Page 5 Dressler, 3d Dist. No. 4-06-30, 2006-Ohio-6483, at ¶ 11, citingState v. Reynolds (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus.
 {¶ 12} In his pro se motion, Theis argued the trial court made certain judicial findings when it sentenced him, and, as a result, the trial court violated his constitutional right to trial by jury. To remedy the constitutional violation, Theis asked the trial court to vacate his prison sentence and resentence him. Given Theis's arguments and requests, as well as the applicable case law, we conclude Theis's motion constitutes a petition for post-conviction relief that falls subject to Ohio's post-conviction relief statute, R.C. 2953.21.
 {¶ 13} R.C. 2953.21(A)(2) requires a petitioner who filed a direct appeal to file a petition for post-conviction relief "no later than one-hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal." R.C. 2953.23(A) sets forth two exceptions to the 180-day time limit. The first exception requires a petitioner to demonstrate the petition is based on a newly recognized federal or state right and "but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty * * *." R.C. 2953.23(A)(1)(a) and (b). The second exception permits a petitioner to file an untimely post-conviction appeal in certain circumstances involving DNA analysis. R.C. 2953.23(A)(2).
 {¶ 14} In this case, the trial transcript was filed on February 20, 2001. But Theis did not file the petition at issue until September 20, 2006, and neither *Page 6 
exception to the 180-day time limit applies in this case. Accordingly, we cannot say Theis met the applicable time limit. Because Theis failed to do so, we conclude the trial court did not err when it denied the petition, albeit for a different reason. Our conclusion renders Theis's specific argument, that the trial court erred when it heldFoster did not apply to this case, as well as Theis's reliance onMachaterre, moot.
 {¶ 15} For the foregoing reasons, Theis's sole assignment of error is overruled, and we affirm.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1