OPINION *Page 2 
{¶ 1} The defendant-appellant, Charles E. Coleman, pro se, appeals the judgment of the Logan County Common Pleas Court dismissing his "motion for re-sentencing."
 {¶ 2} On May 10, 2005, the Logan County Grand Jury indicted Coleman on one count of trafficking in crack cocaine, a violation of R.C.2923.03(A)(1), a felony of the first degree, and one count of possession of crack cocaine, a violation of R.C. 2925.11(A), a felony of the first degree. The indictment also contained a specification that Coleman possessed $70 in cash, which were proceeds from the above mentioned offenses and which were subject to forfeiture.
 {¶ 3} On August 15, 2005, Coleman entered into a plea agreement with the state. Pursuant to the plea agreement, Coleman pled guilty to a second-degree felony for trafficking in crack cocaine and the above mentioned specification, and the state dismissed the charge for possession of crack cocaine. Coleman and the state also agreed to a recommended prison term of five years. The trial court ordered a pre-sentence investigation, and on September 26, 2006, the court held a sentencing hearing. The court considered that Coleman had previously served a prison term; that Coleman had a "lengthy" criminal history; and that Coleman had a prior conviction for trafficking in drugs. The court sentenced Coleman to serve *Page 3 
four years in prison, to pay a mandatory fine of $7,500, and to forfeit the $70 alleged in the specification.
 {¶ 4} On May 10, 2006, Coleman filed a motion for judicial release, which the trial court overruled, finding that Coleman was serving a mandatory sentence. On September 1, 2006, Coleman filed a motion for re-sentencing and a request for the appointment of counsel. In his motion, Coleman argued that his sentence was unconstitutional pursuant to the United States Supreme Court's holding in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and the Ohio Supreme Court's holding in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. The trial court overruled Coleman's motion, noting that Foster applied to cases pending in the trial court or on direct appeal, and Coleman had not filed a direct appeal. The court also noted that Coleman had agreed to serve five years in prison as part of his plea agreement, and the court had sentenced him to less than the agreed time. Coleman appeals the judgment of the trial court, asserting one assignment of error for our review.
 Assignment of Error The trial court errored when it overruled the defendant-appellant's motion for re-sentencing incorporated with appointment of counsel.
 {¶ 5} We must initially consider the nature of Coleman's appeal. The Ohio Supreme Court has held that "[w]here a criminal defendant, subsequent to *Page 4 
his * * * direct appeal, files a motion seeking vacation or correction of his * * * sentence on the basis that his * * * constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, at syllabus. Therefore, the trial court should have considered Coleman's motion as a petition for post-conviction relief. See State v. Theis, 3d Dist. No. 13-06-49,2007-Ohio-2862, at ¶ 11, citing State v. Dressler, 3d Dist. No. 4-06-30,2006-Ohio-6483, at ¶ 11, citing Reynolds, at syllabus.
 {¶ 6} The post-conviction relief statute states in pertinent part:
 [a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
R.C. 2953.21(A)(1)(a). The time frame for filing a petition is set forth in R.C. 2953.21(A)(2), and this Court has previously held that a trial court need not consider a petition for post-conviction relief, which is untimely filed. See State v. Avery, 3d Dist. No. 14-04-06, 2004-Ohio-4165, at ¶ 14, citing R.C. 2953.21(C). The trial court was correct that Coleman did not file a direct appeal. Therefore, except as provided in R.C. 2953.23, he was required to file a petition for post-conviction *Page 5 
relief "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).
 {¶ 7} Final judgment was entered on August 25, 2006, when the trial court filed its judgment entry finding Coleman guilty and imposing sentence. Crim.R. 32(C). Coleman's time to file a direct appeal expired on September 26, 2005. App.R. 4(A). Counting forward 180 days, Coleman was required to file a petition for post-conviction relief by March 3, 2006. Coleman did not file his "motion for re-sentencing" until September 1, 2006, approximately six months late. Therefore, Coleman's petition is untimely filed under R.C. 2953.21(A).
 {¶ 8} Although R.C. 2953.23 provides exceptions to the filing restrictions established in R.C. 2953.21(A), this Court has held that R.C. 2953.23 is inapplicable when the petition is not timely filed under R.C. 2953.21(A) and raises non-death penalty sentencing issues.State v. Lucas, 3d Dist. No. 9-05-31, 2006-Ohio-2508, at ¶ 12; State v.Troglin, 3d Dist. No. 14-05-56, 2006-Ohio-2791 State v. Garcia, 3d Dist. No. 4-06-27, 2006-Ohio-6334, appeal not allowed by 113 Ohio St.3d 1466,2007-Ohio-1722, 864 N.E.2d 653; Dressler. Coleman's attempt to challenge the constitutionality of his sentence falls squarely within the holding of Lucas.
 {¶ 9} As mentioned in Dressler, we note that the trial court did not retain continuing jurisdiction to modify Coleman's sentence. The record does not *Page 6 
contain any filing indicating that Coleman would receive a new sentencing hearing after Foster. The Ohio Supreme Court specified that its holding in Foster operated retroactively to affect only those cases pending in the trial courts and those cases pending on direct appeal.Foster, at ¶ 103-104. Ohio law is clear that absent very limited circumstances, a trial court does not retain jurisdiction once a sentence has been ordered into execution. Dressler, at ¶ 16, citingState v. Clark, 8th Dist. No. 82519, 2003-Ohio-3969, at ¶ 20, citing State v. Garretson (2000), 140 Ohio App.3d 554, 558,748 N.E.2d 560, citing State v. Addison (1987), 40 Ohio App.3d 7,530 N.E.2d 1335. "Trial courts retain jurisdiction `to correct "void" sentencing orders, which are defined as those made in an attempt "to disregard statutory requirements."`" Id., quoting Clark, at ¶ 20, quotingState v. Beasley (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774. "Trial courts also retain jurisdiction to correct clerical errors." Id., citingClark, at ¶ 20, citing Crim.R. 36; Garretson, at 559; State v.Brown, 136 Ohio App.3d 816, 819-820, 2000-Ohio-1660, 737 N.E.2d 1057. This case presents neither a void judgment entry nor a clerical error.Foster was decided after Coleman's sentence became final, and long after his time for direct appeal expired.
 {¶ 10} Finally, we note that Coleman has requested a writ of habeas corpus from this Court. However, Coleman's arguments and request pertaining to habeas *Page 7 
corpus are without merit. An appeal is not the proper procedure for obtaining a writ of habeas corpus. R.C. 2725.04 et seq.
 {¶ 11} In view of the foregoing, the trial court did not err in overruling Coleman's petition for post-conviction relief. The sole assignment of error is overruled.
 {¶ 12} The judgment of the Logan County Common Pleas Court is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. r *Page 1