OPINION
{¶ 1} Defendant-appellant Josh D. Lucas ("Lucas") brings this appeal from the judgment of the Court of Common Pleas of Marion County sentencing him to a total of 20 years in prison.
 {¶ 2} On December 31, 2003, the Marion County Grand Jury returned a fifteen count indictment against Lucas. Pursuant to a plea negotiation, Lucas entered guilty pleas to two counts of theft, two counts of aggravated burglary, two counts of aggravated robbery, two counts of tampering with evidence, and one count of receiving stolen property with a firearm specification on May 28, 2004. The remaining six charges, ranging from fourth to first degree felonies, were dismissed as part of the plea agreement.
 {¶ 3} On July 19, 2004, the trial court held a sentencing hearing. The court considered the record, oral statements, the victim impact statement, and pre-sentence report as well as the statutory guidelines. The trial court then sentenced Lucas to a total sentence of 20 years in prison. Lucas appeals from this judgment and raises the following assignments of error.
The court below erred by not informing [Lucas] of possible extension ofprison term in accordance with [R.C. 2943.032] prior to accepting hispleas of guilty.
 The court below erred in accepting [Lucas's] pleas of guilty whendefense counsel indicated to the court that there were potential defenseswhich would raise doubts of [Lucas's] guilt.
 [Lucas] was denied his sixth amendment right to trial by jury wheresentencing provisions allow an enhanced sentence based upon judicialfactfinding.
 {¶ 4} In the first assignment of error, Lucas claims that the trial court erred by not informing him of the possibility of "bad time" being imposed. This argument is based upon R.C. 2943.032 which required that the person to be sentenced be so informed. However, the Ohio Supreme Court has ruled that the provision of the statute permitting the administrative extension of a judicially imposed prison sentence is unconstitutional. See State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 729 N.E.2d 359. Since "bad time" may not be imposed, the requirement that the defendant be notified of the possibility of its imposition is moot. State v. White, 155 Ohio App.3d 215, 2003-Ohio-5816,800 N.E.2d 84. Thus, the trial court need not give this notification any more. The assignment of error is overruled.
 {¶ 5} The second assignment of error alleges that the trial court erred in accepting the guilty plea when Lucas's counsel stated that Lucas had defenses to several of the counts in the indictment. Lucas argues that this should have prevented the trial court from concluding that the guilty plea was voluntarily entered. At the hearing, the counsel for Lucas indicated that there was some evidence that would raise doubts as to guilt on some of the offenses, but that there were other counts for which there was no evidence in defense. Thus, Lucas agreed to enter guilty pleas to some of the counts while others were dismissed. The trial court specifically informed Lucas that by pleading guilty he was waiving his right to present his defenses at trial. Lucas consented to the guilty plea after he was properly informed of his rights and as to what the guilty plea would mean. The record contains no evidence that Lucas did not understand what he was doing or that his plea was involuntarily made. Thus, the second assignment of error is overruled.
 {¶ 6} Finally, Lucas claims that the trial court erred by sentencing him to any sentence greater than the statutory minimum. The basis for this argument is that doing so required the trial court to make certain findings which violate the holdings in Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403. This court has previously addressed this issue in State v. Trubee, 3rd Dist. No. 9-03-65,2005-Ohio-522. In Trubee, this court held as follows:
Unlike the Washington statute, the sentencing "range" created by R.C.2929.14(B) is not "the maximum sentence a judge mayimpose solely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." * * * Rather it limits a defendant'spotential sentence within the statutory range created by R.C. 2929.14(A).Put simply, the facts reflected in a jury verdict convicting a defendantof a third degree felony allow a sentence of up to five years. R.C.2929.14(B) merely limits judicial discretion in sentencing within thatrange. Id. at ¶ 23 (citation omitted). Thus, the holding in Blakely does not apply. See also United States v. Booker (2005), ___ U.S. ___,125 S.Ct. 738, 159 L.Ed.2d ___ and United States v. Fanfan (2005), ___ U.S. ___, 125 S.Ct. 738, 159 L.Ed.2d ___.
 {¶ 7} In this case the trial court considered all of the factors and specifically found that the minimum sentences would demean the seriousness of the offenses and not protect the public from future offenses by Lucas. The trial court found that the defendant caused physical harm to his victims, that he threatened additional harm with a tire iron and with a knife, and that he committed these offenses as part of an organized criminal activity. Given these factors, the trial court, in its discretion, chose to impose more than the minimum prison sentences within the available range provided by the statute. The trial court also made findings that consecutive sentences were necessary to protect the public and to adequately punish the offender. The reason given for the consecutive sentences was that the harm caused by Lucas was such that a single sentence of seven years would be insufficient to reflect the seriousness of the conduct. Thus, the trial court complied with all of the requirements of Ohio's sentencing statutes. The trial court did not abuse its discretion in sentencing Lucas and the third assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
 Cupp, P.J., Shaw, J., concurs.