OPINION
{¶ 1} The defendant-appellant, Daniel E. Bulkowski ("Bulkowski"), appeals the November 8, 2005, Judgment entered in the Court of Common Pleas of Seneca County, Ohio dismissing the petition for post-conviction relief and the amended petition for post-conviction relief.
 {¶ 2} On August 17, 2002, Bulkowski was arrested by the Fostoria Police Department for stabbing Denise Potter earlier that night. On September 4, 2002, Bulkowksi was indicted by the Seneca County Grand Jury on Count I: Attempted Murder, in violation of R.C. 2923.02(A) and 2903.02(A), a felony of the first degree; Count II: Felonious Assault, in violation of R.C.2903.11(A)(2), a felony of the second degree; and Count III: Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree.
 {¶ 3} On September 16, 2002, Bulkowski entered a plea of not guilty and not guilty by reason of insanity to the charges in the indictment. On December 4, 2002, Bulkowski withdrew his former not guilty plea and entered a written negotiated plea of guilty to the offense of Felonious Assault and Tampering with Evidence, in exchange for dismissing the charge of Attempted Murder. On December 30, 2002, the trial court sentenced Bulkowski to serve a stated prison term of seven years for Felonious Assault and two years for Tampering with Evidence to be served consecutively.
 {¶ 4} Bulkowski filed a pro se Petition to Vacate or Set Aside Sentence on July 1, 2003. On September 23, 2003, he filed for Summary Judgment and the State responded to that Motion for Summary Judgment on October 3, 2003. On January 6, 2005, Bulkowski filed a Motion to Amend Post-Conviction Petition, a Motion to Withdraw his Request for Summary Judgment, a Motion to Strike State's Request for Summary Judgment, and a Motion for Leave to Amend Post-Conviction Petition.
 {¶ 5} On February 14, 2005, the trial court granted the Motion for Leave to Amend Petitioner's Post-Conviction and his Motion to Withdraw his Request for Summary Judgment. On March 4, 2005, the State filed a Response to the Defendant's Petition for Post-Conviction Relief. On May 4, 2005, Bulkowski through appointed counsel filed another Motion for Post-Conviction Relief. The State responded on May 6, 2005 to the second Motion for Post-Conviction Relief. On November 8, 2005, the trial court denied Bulkowski's Motions for Post-Conviction Relief.
 {¶ 6} On November 21, 2005, Bulkowski filed his notice of appeal raising the following assignments of error:
 First Assignment of Error THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIALCOUNSEL IN THE TRIAL COURT PROCEEDINGS WITH REGARD TO HIS PLEA TOTAMPERING WITH EVIDENCE.
 Second Assignment of Error THE APPELLANT'S SENTENCE IN REGARD TO THE FELONIOUS ASSAULT ISUNCONSTITUTIONAL IN LIGHT OF RECENT U.S. SUPREME COURTDECISIONS.
 {¶ 7} Bulkowski alleges in his first assignment of error that he was denied effective assistance of counsel in the trial court proceedings. Specifically, he claims that his counsel advised him generally as to the nature of the charge of Tampering with Evidence but never advised him that the State would have to prove beyond a reasonable doubt the elements of Tampering with Evidence if he didn't plead guilty to the charge. Thus, he states that he would have proceeded to trial on this charge rather than taking the advice of his counsel to plead guilty to the charge of Tampering with Evidence.
 {¶ 8} In order to prevail on a claim of ineffective assistance of counsel, Bulkowski must establish both of the following:
1. Trial counsel made errors so serious he was no longerfunctioning as counsel in the manner guaranteed by the SixthAmendment; and
 2. There is the reasonable probability that were it not fortrial counsel's errors, the results of the trial would have beendifferent.
See Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989), 42 Ohio St.3d 136. Thus, under this standard, Bulkowski must show that his counsel's performance fell below an objective standard of reasonable representation and that prejudice arose from that deficient performance. Bradley,42 Ohio St.3d at 142. Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. State v. Malone (Dec. 13, 1989), Montgomery App. No. 10564.
 {¶ 9} In this case, Bulkowski's counsel was successful in obtaining a negotiated guilty plea which dismissed the charge of Attempted Murder in exchange for the plea of guilty to the charges of Felonious Assault and Tampering with Evidence. Furthermore, during the hearing on the plea of guilty on December 22, 2002, the following colloquy took place between the trial court and Bulkowski:
The Court: Are you satisfied with Mr. Devine's (his counsel)representation of you in this case?
 Mr. Bulkowski: Yes.
* * *
The Court: You understand that Tampering with Evidence, beforeyou could be found guilty, the State of Ohio must prove that onor about the 16th day of August, 2002, in Seneca County, Ohio,you did, knowing that an official investigation was about to beor likely to be instituted, removed a knife from your possessionwith purpose to impair its availability as evidence in suchinvestigation, and that's in violation of Section 2921.12(A)(1)of the Revised Code, do you understand that?
 Mr. Bulkowski: Yes.
 The Court: That is a felony of the third degree. And, thepenalty for this offense is a sentence of not less than 1, 2, 3,or 4 years, nor more than 5 years and/or a fine of up to $10,000,do you understand that?
 Mr. Bulkowski: Yes.
 The Court: And the maximum penalty for this offense could be amaximum prison term of five years, none of which is mandatory, doyou understand that?
 Mr. Bulkowski: Yes.
 The Court: The maximum fine possible is $10,000, none of whichis mandatory, do you understand that?
 Mr. Bulkowski: Yes.
* * *
The Court: All right. Are you satisfied with Mr. Devine'sadvice, counsel, competence?
 Mr. Bulkowksi: Yes.
 {¶ 10} Nothing in this record indicates that Bulkowski's counsel failed to adequately represent Bulkowski in obtaining a negotiated plea in which the charge of Attempted Murder was dismissed in exchange for the plea of guilty to the charges of Felonious Assault and Tampering with Evidence. Therefore, Bulkowski's first assignment of error is overruled.
 {¶ 11} In Bulkowski's second assignment of error, he claims that his sentence regarding the felonious assault is unconstitutional in light of United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435. Specifically, he claims that the trial court erred by imposing a higher sentence without a finding by a jury or by admission of the defendant.
 {¶ 12} Pursuant to R.C. 2953.21(A)(1)(a),
Any person who has been convicted of a criminal offense oradjudicated a delinquent child and who claims that there was sucha denial or infringement of the person's rights as to render thejudgment void or voidable under the Ohio Constitution or theConstitution of the United States, * * * may file a petition inthe court that imposed sentence, stating the grounds for reliefrelied upon, and asking the court to vacate or set aside thejudgment or sentence or to grant other appropriate relief.
 {¶ 13} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void. Foster,2006-Ohio-856, at ¶ 97, 103. Specifically, Foster provides:
When a sentence is deemed void, the ordinary course is tovacate that sentence and remand to the trial court for a newsentencing hearing.
Pursuant to the ruling in Foster, Bulkowski's assignment of error is sustained.
 {¶ 14} Accordingly, Bulkowski's first assignment of error is overruled and his second assignment of error is sustained. Therefore, the judgment is affirmed in part regarding his first assignment of error. However, with respect to the second assignment of error, the judgment of the trial court denying post conviction relief is reversed, and the matter is remanded to the trial court with instructions to vacate the sentence and conduct further proceedings pursuant to Foster.
 Judgment Affirmed in Part, Reversed in Part and CauseRemanded.
 Bryant, P.J. and Cupp, J., concur.