OPINION
{¶ 1} The defendant-appellant, Josh D. Lucas ("Lucas"), appeals the judgment of the Marion County Common Pleas Court denying his petition for post conviction relief.
 {¶ 2} On December 31, 2003, the Marion County Grand Jury filed a 15 count indictment against Lucas. The indictment charged Lucas as follows: Count 1, theft, a violation of R.C.2913.02(A)(1), a fourth degree felony; Count 2, receiving stolen property, a violation of R.C. 2913.51(A), a fourth degree felony; Count 3, aggravated burglary, a violation of R.C. 2911.11(A)(1), a first degree felony; Count 4, aggravated robbery, a violation of R.C. 2911.01(A)(1), a first degree felony; Count 5, felonious assault, a violation of R.C. 2903.11(A)(2), a second degree felony; Count 6, aggravated burglary, a violation of R.C.2911.11(A)(1), a first degree felony; Count 7, aggravated robbery, a violation of R.C. 2911.01(A)(1), a first degree felony; Count 8, felonious assault, a violation of R.C.2903.11(A)(2), a second degree felony; Count 9, felonious assault, a violation of R.C. 2903.11(A)(1), a first degree felony; Count 10, disrupting public services, a violation of R.C.2909.04(A)(1), a fourth degree felony; Count 11, tampering with evidence, a violation of R.C. 2921.12(A)(1), a third degree felony; Count 12, burglary, a violation of R.C. 2911.12(A)(3), a third degree felony, with a gun specification; Count 13, receiving stolen property, a violation of R.C. 2913.51(A), a fourth degree felony, with a firearm specification; Count 14, theft, a violation of R.C. 2913.02(A)(1), a fifth degree felony; and Count 15, tampering with evidence, a violation of R.C.2921.12(A)(1), a third degree felony. At arraignment, Lucas entered pleas of not guilty as to all charges.
 {¶ 3} On May 28, 2004 and in open court, Lucas and the State of Ohio ("State") entered into a negotiated plea agreement. The State dismissed Counts 2, 5, 8, 9, 10, and 11, and Lucas pled guilty to the remaining charges. The trial court filed the entry of guilty plea on June 1, 2004. The court held a sentencing hearing on July 19, 2004 and filed its sentencing judgment entry on July 22, 2004. The trial court ordered Lucas to serve the following prison terms: one year for Count 1; seven years for Count 3; seven years for Count 4; seven years for Count 6; seven years for Count 7; one year for Count 12; one year for Count 13 plus an additional, mandatory one year on the firearm specification; eleven months for Count 14; and two years for Count 15. The trial court ordered Counts 3 and 4 to be served concurrently, Counts 6 and 7 to be served concurrently, and Counts 14 and 15 to be served concurrently. However, the court ordered each of those concurrent terms to be served consecutively to each other and consecutively to the sentences imposed in Counts 1, 12, and 13, for an aggregate sentence of 20 years in prison. Lucas appealed the trial court's judgment, which we affirmed in State v. Lucas, 3rd Dist. No. 9-04-40,2005-Ohio-1092.
 {¶ 4} On April 26, 2005, Lucas filed a motion for re-sentencing, which essentially requested the trial court to re-sentence him and impose concurrent sentences. The trial court overruled the motion on May 10, 2005. On May 9, 2005, Lucas filed a motion to withdraw guilty pleas. After the State filed its response, the trial court overruled Lucas' motion. On June 17, 2005, Lucas filed a petition for post conviction relief, arguing "[m]y rights was [sic] never read and I never signed * * * Det. R. Winfield + Det. M. Shade conducted a[n] interrogation of me, coercing me to tell them what they wanted to hear without reading me my Miranda rights at all. * * * My rights were never given to me period[.]" On July 13, 2005, the State filed a motion to dismiss the petition for post conviction relief because it was untimely filed. On July 18, 2005, Lucas filed a handwritten document entitled "Defendant's Memorandum in Opposition to State's on Post Conviction Relief", asserting the following arguments: the detectives never read him Miranda rights, the detectives "forged and altered" the Miranda waiver, the trial court erred by accepting his guilty plea, the trial court erred by sentencing him to non-minimum and consecutive sentences, and the "police officers lied to [him] and decived [sic] [him]".
 {¶ 5} On August 3, 2005, the trial court filed two judgment entries. The first judgment entry, overruling Lucas' petition, referenced the second judgment entry. The second judgment entry essentially granted the State's motion to dismiss and established that Lucas had failed to file a timely petition for post conviction relief pursuant to R.C. 2953.21(A)(2) and 2953.23. Lucas filed a second petition for post conviction relief on August 15, 2005. However, before the State filed a response, or the trial court took any action on the subsequent petition, Lucas filed his notice of appeal to contest the August 3, 2005 judgment entries. On appeal, Lucas asserts the following assignments of error:
Defendant was denied due process of law, as guaranteed by[the] Fourteenth Amendment, when the trial court denied hispetition for post conviction relief without cause or reason.
 Defendant was sentenced in an unconstitutional system inwhich, a judge, not a jury, found sentence enhancing facts.
 Imposition of more than the minimum sentences on Defendant, afirst-time offender, based on facts not found by a jury oradmitted to by the defendant violated his right[s] as guaranteedby the Sixth Amendment.
 Imposition of consecutive sentences based on facts not foundby a jury nor admitted by the defendant violated his rightsguaranteed by the Sixth Amendment.
 Defendant was dinied [sic] due process of law, as guaranteedby the Fourteenth Amendment, when the police officers illegallyobtained statement's [sic] form [sic] the defendant, when theynever read him his right's [sic] and they altered and forgedDefendants [sic] name to the rights form, the defendant was underarrest when they obtained [the] statement, and they never readMiranda Rights, that's why they altered and forged Defendant'sname to the right's [sic] form.
 {¶ 6} Post conviction relief is governed by R.C. 2953.21, which states in pertinent part:
[a]ny person who has been convicted of a criminal offense* * * and who claims that there was such a denial or infringementof the person's rights as to render the judgment void or voidableunder the Ohio Constitution or the Constitution of the UnitedStates, * * * may file a petition in the court that imposedsentence, stating the grounds for relief relied upon, and askingthe court to vacate or set aside the judgment or sentence or togrant other appropriate relief. The petitioner may file asupporting affidavit and other documentary evidence in support ofthe claim for relief.
R.C. 2953.21(A)(1)(a). A defendant may file a petition for post conviction relief even while a direct appeal is pending. R.C.2953.21(C). In this case, and as noted above, Lucas filed a direct appeal, and we affirmed the trial court's judgment; however, he did not file a petition for post conviction relief until after his appeal had been decided.[1]
 {¶ 7} Under R.C. 2953.21(A)(2) and as applicable to this case, unless any of the provisions of R.C. 2953.23 apply, a petition for post conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication". The complete record, including two transcripts, was filed in the court of appeals on October 4, 2004; therefore, the 180 day deadline for filing a petition for post conviction relief was on April 4, 2005. Lucas failed to file his petition for post conviction relief until June 17, 2005, which is clearly outside the 180 day time limit. Additionally, the trial court found R.C. 2953.23
inapplicable. J. Entry, Aug. 3, 2005. Pertinent to this case, R.C. 2953.23(A) states:
a court may not entertain a petition filed after theexpiration of the period prescribed in [R.C. 2953.21(A)(2)] or asecond petition or successive petitions for similar relief onbehalf of a petitioner unless division (A)(1) or (2) of thissection applies:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner wasunavoidably prevented from discovery of the facts upon which thepetitioner must rely to present the claim for relief, or,subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlierpetition, the United States Supreme Court recognized a newfederal or state right that applies retroactively to persons inthe petitioner's situation, and the petition asserts a claimbased on that right.
 (b) The petitioner shows by clear and convincing evidencethat, but for constitutional error at trial, no reasonablefactfinder would have found the petitioner guilty of the offenseof which the petitioner was convicted or, if the claim challengesa sentence of death that, but for constitutional error at thesentencing hearing, no reasonable factfinder would have found thepetitioner eligible for the death sentence.
(emphasis added). Contrary to the trial court's judgment entry and the State's contentions, Lucas was not required to argue his innocence because the provisions of R.C. 2953.21(A)(1)(a) and2953.23 requiring a petitioner to argue innocence are inapplicable in this case. With these principles in mind, we elect to address the assignments of error out of order.
 {¶ 8} In the fifth assignment of error, Lucas contends he was denied due process of law because the investigating law enforcement officers failed to read him his Miranda rights; that "Defendant's collective inquiries about hiring a lawyer is invocation of right's to counsel"; and that the officers "altered and forged" a rights waiver form. Although Lucas failed to challenge the alleged denial of his right to an attorney in the trial court, we find the entire argument unpersuasive. R.C.2953.23(A)(1)(a) clearly provides that a petitioner must show he or she was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." In his petition, Lucas merely asserted his argument, as set forth above, without reference to any of the factors listed in R.C. 2953.23. Because Lucas filed his petition outside the 180 day period under R.C. 2953.21(A)(2), and because none of the exceptions under R.C. 2953.23 apply, the petition was untimely filed. The fifth assignment of error is overruled.
 {¶ 9} In the first assignment of error, Lucas essentially contends he was denied due process of law because the trial court failed to make findings of fact and state conclusions of law when it denied his petition for post conviction relief. However, a trial court is not required to make findings of fact and state conclusions of law when it overrules an untimely petition for post conviction relief. State ex rel. Kimbrough v. Greene,98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, at ¶ 6 (citations omitted). As noted above, the trial court's first judgment entry specifically overruled Lucas' petition as being untimely and referenced a second judgment entry as to further reasoning. In the second judgment entry, which appears to have granted the State's motion to dismiss Lucas' petition, the court stated its reasons for finding the petition untimely. The first assignment of error is overruled.
 {¶ 10} The second, third, and fourth assignments of error deal with related sentencing issues, so we will consider them together. In these assignments of error, Lucas contends the trial court erred by sentencing him to non-minimum and consecutive sentences. The basis of this argument is without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. However, Lucas failed to raise these arguments in his petition for post conviction relief or in an amended petition for post conviction relief. R.C. 2953.21(A)(4). As of August 3, 2005, the trial court had two separate filings to address. The first filing was Lucas' petition for post conviction relief. The second filing was the State's motion to dismiss the petition for post conviction relief. Lucas had also filed "Defendant's Memorandum in Opposition to State's on Post Conviction Relief" (emphasis added). In this filing, which apparently was meant to refute the State's motion to dismiss and was not an amended petition for post conviction relief, Lucas raised issues relating to sentencing for the first time.
 {¶ 11} R.C. 2953.21(A)(4) states: "[a] petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in R.C. 2953.23 of the Revised Code, anyground for relief that is not so stated in the petition iswaived" (emphasis added). In applying R.C. 2953.23, we cannot find Lucas met those requirements. Because this matter pertains to the constitutionality of his sentence, there was no factual evidence to bring to the court. R.C. 2953.23(A)(1)(a). However, Lucas is also barred by the other provision of R.C.2953.23(A)(1)(a) which states, "subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code [180 days] * * *, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." (emphasis added). Lucas' arguments were based on several United States Supreme Court cases, including United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621; Blakely, supra; and Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435. However, all of these cases were decided prior to the 180 day time period in which Lucas had to file his petition, notsubsequent to that time.[2] As noted above, the 180 day time period for filing a petition for post conviction relief expired on April 4, 2005, and Apprendi, Blakely, and Booker
were all decided to prior to that date.
 {¶ 12} Furthermore, under R.C. 2953.23(A)(1)(b), a petitioner must show that "but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty
of the offense." (emphasis added). Clearly, the statute operates to bar a petitioner from challenging a sentence. Therefore, we hold that a petition for post conviction relief, which is not timely filed under R.C. 2953.21(A)(2) and raises non-death penalty sentencing issues, will be barred because R.C. 2953.23 is inapplicable to such sentencing issues. Lucas has waived any argument relating to sentencing under R.C. 2953.21(A)(4).
 {¶ 13} This matter is distinguishable from State v.Bulkowski, 3rd Dist. No. 13-05-43, 2006-Ohio-1888. InBulkowski, the appellant filed a petition for post conviction relief in the trial court arguing his sentence was unconstitutional in light of Blakely, supra. The trial court denied the petition, but we found the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470 to be controlling and reversed the trial court's judgment. Bulkowski is distinguished from the case at bar because Bulkowski filed a timely petition for post conviction relief under R.C. 2953.21(A)(2) and properly raised an issue relating to his sentence in the petition. Therefore, our decision in Bulkowski has no bearing on the issues presented by Lucas. The second, third, and fourth assignments of error are overruled.
 {¶ 14} The judgment of the Marion County Common Pleas Court is affirmed.
Judgment Affirmed.
 Shaw and Cupp, J.J., concur.
[1] State v. Lucas, 3rd Dist. No. 9-04-40, 2005-Ohio-1092
was released on March 14, 2005, and Lucas filed his petition for post conviction relief in the trial court on June 17, 2005.
[2] Apprendi was decided on June 26, 2000, Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005.