OPINION
{¶ 1} The defendant-appellant, Joel Garcia ("Garcia"), pro se, appeals the judgment of the Defiance County Common Pleas Court dismissing his petition for post-conviction relief without a hearing.
 {¶ 2} On September 2, 2004, the Defiance County Grand Jury indicted Garcia on one count of possession of cocaine, a violation of R.C.2925.11(A), (C)(4)(f), a first degree felony; one count of trafficking in cocaine, a violation of R.C. 2925.03(A)(2), (C)(4)(g), a first degree felony; one count of possession of marijuana, a violation of R.C.2925.11(A), (C)(3)(e), a third degree felony; and one count of trafficking in marijuana, a violation of R.C. 2925.03(A)(2), (C)(3)(e), a second degree felony. The counts for trafficking and possessing cocaine each carried a specification that Garcia was a major drug offender. At arraignment, Garcia pled not guilty to each of the four charges.
 {¶ 3} The trial court held a joint change of plea and sentencing hearing on November 18, 2004. At that time, Garcia withdrew his previously tendered plea and pled guilty to possession of cocaine, as charged in the indictment. In return for Garcia's plea, the State of Ohio ("State") dismissed the remaining three charges and the major drug offender specifications. The court proceeded to sentencing and imposed a nine-year prison term.
 {¶ 4} Garcia failed to file a direct appeal; however, on September 22, 2005, he filed a petition for post-conviction relief. In his petition, Garcia alleged that the sentence was contrary to law in light ofApprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed.2d 435 and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. On November 7, 2005, Garcia filed a motion for summary judgment, requesting judgment in his favor on the petition for post-conviction relief because the State had failed to respond. The trial court denied Garcia's petition on December 6, 2005, finding it time-barred. Garcia appealed the trial court's judgment. However, because Garcia filed his notice of appeal outside the time required by App.R. 4(A), we dismissed the appeal for lack of jurisdiction.
 {¶ 5} On April 11, 2006, Garcia filed a second petition for post-conviction relief with the trial court. In his petition, Garcia argued that his sentence was unconstitutional in light of Apprendi,Blakely, and State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470. On May 25, 2006, the State filed a motion to dismiss the petition and a response in opposition to the petition. The trial court filed its judgment entry on June 8, 2006. The court found no merit to Garcia's petition and dismissed it without an evidentiary hearing. Garcia appeals the trial court's judgment, asserting a sole assignment of error:
 The trial court erred as a matter of law in denying relief based upon the erroneous determination that the decision in State v[.] Foster applying Blakely v[.] Washington to Ohio sentencing law does not apply to Appellant's sentence, denying Appellant due process and equal protection of the law[,] as well as perpetuating the Sixth Amendment violation underlying the petition.
 {¶ 6} Essentially, Garcia contends he was sentenced under an unconstitutional version of R.C. 2929.14. Garcia contends that under theBlakely and Foster holdings, the maximum sentence he could have received for a first degree felony was three years in prison. Therefore, Garcia contends that the sentence imposed is three times the legal maximum. In response, the State contends the trial court did not err. The State argues the petition is time-barred by statute. However, if we were to find the petition timely filed, the State contends it is barred by the doctrine of res judicata. Finally, if we were to reach the merits of the petition, the State argues Foster is inapplicable because the sentence imposed was not a maximum or consecutive sentence.
 {¶ 7} In rebuttal, Garcia argues this court should not consider the timeliness of his petition because the trial court's judgment was based on the merits. Therefore, Garcia argues, "the only question before this Court is whether the merit review of the trial court was erroneous." Garcia contends that res judicata is not properly before us because the trial court did not address it, and if we do consider the issue, it is inapplicable because the second petition relies on Foster, which was a new decision and therefore, not argued in his first petition.
Finally, as to the merits, Garcia contends that R.C. "2929.14(B) contains mandatory language that makes a three year sentence the statutory maximum sentence absent additional fact findings." (Emphasis deleted). Therefore, Garcia contends the nine-year prison term imposed by the trial court is unconstitutional under Apprendi, Blakely, andFoster.
 {¶ 8} Trial courts are not required to consider untimely filed petitions for post-conviction relief. See State v. Avery, 3rd Dist. No. 14-04-06, 2004-Ohio-4165, at ¶ 14 (citing R.C. 2953.21(C)). The post-conviction relief statute states in pertinent part:
 [a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
R.C. 2953.21(A)(1)(a). The time frame for filing a petition is set forth in R.C. 2953.21(A)(2). In this case, Garcia did not file a direct appeal. Therefore, except as provided in R.C. 2953.23, he was required to file a petition for post-conviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).
 {¶ 9} Final judgment was entered on November 24, 2004, when the trial court filed its judgment entry setting forth Garcia's conviction and sentence. Had Garcia filed a direct appeal, it would have been due on or about December 22, 2004. Counting forward 180 days from the date time expired on his appeal, Garcia was required to file a petition for post-conviction relief on or about June 20, 2005. Garcia's petition for post-conviction relief, filed April 11, 2006, was filed approximately ten months too late. Therefore, Garcia's petition was untimely under R.C. 2953.21(A).
 {¶ 10} R.C. 2953.23 provides exceptions to the filing restrictions set forth in R.C. 2953.21(A). However, we have previously held that R.C.2953.23 does not apply to those cases where the petition was untimely filed under R.C. 2953.21(A) and raises non-death penalty sentencing issues. State v. Lucas, 3rd Dist. No. 9-05-31,2006-Ohio-2508, at ¶ 12. Therefore, Garcia's attempt to challenge the constitutionality of his sentence is controlled by Lucas. Although the trial court chose to address the merits of Garcia's petition, it did not have jurisdiction to do because Lucas prevents Garcia from establishing any of the exceptions in R.C. 2953.23. See State v. Kennedy, 6th Dist. Nos. L-02-1117, L-02- 1173, 2003-Ohio-2360, at ¶ 12 (citing State v. Patton (May 1, 1998), 6th Dist. App. No. L-97-1261, unreported; State v. Kinion (Sept. 30, 1997), 6th Dist. App. No. WD-97-026, unreported). The sole assignment of error is overruled. The judgment of the Defiance County Common Pleas Court is affirmed.
Judgment Affirmed.