OPINION
{¶ 1} Defendant-Appellant Rodney Dunn appeals from the trial court's denial of his *Page 2 
second petition for post-conviction relief. For the following reasons, we will affirm the judgment of the trial court.
 I {¶ 2} In April, 2003, Dunn pled guilty to reduced charges of murder and aggravated burglary in connection with the death of his wife. He was ordered to serve consecutive sentences of fifteen years to life for murder and five years for aggravated burglary. Dunn appealed, and this Court affirmed his convictions. State v. Dunn (June 18, 2004), Montgomery App. No. 20108, 2004-Ohio-3137.
 {¶ 3} During the pendency of his direct appeal, Dunn filed a motion to withdraw his guilty plea, which the trial court denied. Nearly seventeen months after he entered his pleas, Dunn filed a petition for post-conviction relief. The trial court dismissed that petition as untimely, and Dunn appealed. We affirmed the judgment of the trial court. State v. Dunn (Oct. 14, 2005), Montgomery App. No. 20830.
 {¶ 4} On September 19, 2005, Dunn filed his second petition for post-conviction relief seeking to vacate his sentence and to remand his case to the trial court for re-sentencing. The trial court denied Dunn's petition, and Dunn now appeals from that decision.
 II {¶ 5} Dunn's First Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DECIDING THAT APPELLANT'S ARGUMENT REGARDING THE UNLAWFUL SENTENCE IS WAIVED FOR NOT BEING RAISED AT THE TIME OF SENTENCING, VIOLATING DUE PROCESS AND EQUAL PROTECTION." *Page 3 
 {¶ 7} Dunn's Second Assignment of Error:
 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT DID NOT SHOW THAT HE WAS SENTENCED UNLAWFULLY, IN VIOLATION OF DUE PROCESS, EQUAL PROTECTION AND CONTINUING THE SIXTH AMENDMENT VIOLATION INHERENT IN THE UNLAWFUL SENTENCING."
 {¶ 9} In both assignments of error, Dunn contests the trial court's dismissal of his second petition for post-conviction relief wherein he argued that his sentence was unconstitutional pursuant to Apprendi v.New Jersey (2003), 530 U.S. 466, 120 S.Ct. 2348, Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738. In his appellate brief Dunn also relies on the more recent case of State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, to seek remand of his case for re-sentencing.
 {¶ 10} Dunn has attached to his reply brief an unreported opinion from the Third District that appears to have applied Foster in the context of the appeal from a denial of a petition for post-conviction relief.State v. Bulkowski, Seneca App. No. 13-05-43, 2006-Ohio-1888. However, we interpret the holding of Foster more narrowly. We believe thatFoster only applies to cases that were already on direct appeal or still pending in the trial court when Foster was decided. State v.McHale, Montgomery App. No. 21198, 2006-Ohio-4159, ¶ 4, citingBooker, supra, citations omitted. See, also, Foster, supra, at ?32, 106, citations omitted.
 {¶ 11} As this case involves an early 2003 conviction that was affirmed on June 18, 2004, it was neither on direct appeal nor still pending in the trial court when Blakely was decided on June 24, 2004 or when Foster was decided in 2006. Therefore, the holdings of *Page 4 Blakely and Foster are inapplicable to this case.
 {¶ 12} Accordingly, Dunn's assignments of error are without merit and must be overruled. The judgment of the trial court is affirmed.
BROGAN, J. and GLASSER, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1