OPINION *Page 2 
{¶ 1} Defendant-appellant, George Olvera, pro se, appeals the judgment of the Defiance County Court of Common Pleas. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On July 23, 2004, Olvera pled guilty to one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(C)(4)(c) and a third degree felony in Case No. 04CR08794. On November 1, 2004, the trial court sentenced Olvera to community control with a reserved five year term of imprisonment on the trafficking in cocaine in Case No. 04CR08794, and community control with a reserved twelve months imprisonment on each count of possession of cocaine in Case No. 04CR08910.[1] The trial court also ordered that the counts be served consecutively for a total reserved term of seven years imprisonment. In addition, the trial court ordered Olvera to pay restitution in the amount of $2,000.
 {¶ 3} On April 19, 2005, a motion to revoke community control was filed on the basis that Olvera operated a motor vehicle without a valid operator's license. Olvera tendered an admission to the violation. The trial court found that *Page 3 
Olvera violated the terms of his community control and determined that Olvera's community control should not be revoked.
 {¶ 4} On July 7, 2005, another motion was filed to revoke Olvera's community control. The motion was based on Olvera being involved in an illegal drug transaction. Olvera tendered an admission to the community control violation and the trial court found that Olvera had violated his community control. The trial court then filed a judgment entry on November 3, 2005, revoking Olvera's community control and sentencing him to four years of the original five year reserved term of imprisonment in Case No. 04CR08794.
 {¶ 5} On September 8, 2006, Olvera filed a "motion to dismiss restitution". The trial court subsequently denied the motion.
 {¶ 6} Olvera appeals the trial court's judgment and asserts four assignments of error for our review. We will combine Olvera's assignments of error.
 ASSIGNMENT OF ERROR NO. I ABUSE OF DISCRETION BY THE TRIAL COURT
 ASSIGNMENT OF ERROR NO. II Ineffective assistance of trial counsel.
 ASSIGNMENT OF ERROR NO. III Illegal imposition of restitution *Page 4 
 ASSIGNMENT OF ERROR NO. IV Due process violation of the Appellant's rights under [sic] Fourteenth Amendment.
 {¶ 7} In his first assignment of error, Olvera argues the trial court erred by failing to give a full and fair hearing on the motion to dismiss restitution, and further, that the trial court abused its discretion in denying the motion to dismiss restitution. In his second assignment of error, Olvera argues that counsel's failure to object to the restitution where the state was the only possible victim constituted ineffective assistance of counsel. Olvera argues, in his third assignment of error, that the state was not a victim and that there was no documentary evidence of loss, thus, the trial court erred in ordering restitution. In his fourth assignment of error, Olvera argues the trial court violated his due process rights when it failed to hold a hearing to determine his ability to pay restitution and failed to ascertain that the amount of restitution was related to the loss suffered.
 {¶ 8} "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158,160, 1997-Ohio-304, 679 N.E.2d 1131.
 {¶ 9} We find that Olvera's "motion to dismiss restitution", although not labeled as such, is a petition for post conviction relief under R.C.2953.21. *Page 5 
 {¶ 10} R.C. 2953.21 provides,
 (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.* * *
 * * *
 (2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication* * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Emphasis added.
 {¶ 11} Olvera did not file a direct appeal. Thus, Olvera had to file his petition for postconviction relief within one hundred and eighty days after the expiration of the time for filing his direct appeal. The time limit for filing a direct appeal is thirty days. App.R. 4(A).
 {¶ 12} Olvera was sentenced to community control and the trial court ordered restitution on November 1, 2004. However, Olvera did not file his "motion to dismiss restitution" until September 8, 2006. Thus, Olvera failed to file his motion within the time requirements of R.C.2953.21. *Page 6 
 {¶ 13} The trial court may hear a petition for postconviction relief that is not filed within the time requirements only if the exceptions set forth in R.C. 2953.23(A) apply. This court has previously stated that "a petition for postconviction relief, which is not timely filed under R.C. 2953.21(A)(2) and raises non-death penalty sentencing issues, will be barred because R.C. 2953.23 is inapplicable to such sentencing issues." State v. Lucas, 3d Dist. No. 9-05-31, 2006-Ohio-2508, at ¶ 12.
 {¶ 14} Since Olvera's postconviction petition was not timely filed under R.C. 2953.21 and the motion raised non-death penalty sentencing issues, the petition was barred. Olvera's first, second, third, and fourth assignments of error are overruled.
 {¶ 15} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
ROGERS, P.J., and SHAW, J., concur.
[1] The sentencing entry indicates that Olvera also pled guilty to two counts of possession of cocaine, violations of R.C. 2925.11(A)(C)(4)(a) in Case No. 04CR08910. However, the record in Case No. 04CR08910 is not before this court. *Page 1