OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-appellant, Claro Martinez, pro se, appeals the Henry County Court of Common Pleas judgment denying his motion to correct his prison sentence. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 3} The Henry County Grand Jury indicted Martinez on eleven counts. The judgment entry filed on July 6, 1999 states that Martinez pled guilty to counts two and eleven of trafficking cocaine, violations of R.C. 2925.03(A)(C)(4)(d) and third degree felonies; counts four and five of trafficking cocaine, violations of R.C. 2925.03(A)(C)(4)(a)(b) and fourth degree felonies; and count six of trafficking cocaine, in violation of R.C. 2925.03(A)(C)(4)(d) and a second degree felony. The remaining counts in the indictment were dismissed.
 {¶ 4} On July 6, 1999, the trial court sentenced Martinez to a mandatory term of one year imprisonment on count two, a one year term of imprisonment on count four, a one year term of imprisonment on count five, a mandatory term of four years imprisonment on count six, and a mandatory term of three years imprisonment on count eleven. The trial court further ordered that the sentences *Page 3 
be served consecutively to one another for an aggregate term of ten years imprisonment, of which eight years was mandatory.
 {¶ 5} On August 16, 1999, Martinez filed a notice of appeal; however, this court dismissed the appeal because Martinez filed outside of the thirty days prescribed in App.R. 4(A). Martinez has since filed motions for delayed appeal with both this court and the trial court, and those motions have been denied.
 {¶ 6} On June 23, 2006, Marinez filed a "motion to correct improper sentence." The trial court subsequently denied the motion.
 {¶ 7} It is from this judgment that Martinez appeals and asserts two assignments of error for our review. For clarity of analysis, we will combine Martinez's assignments of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. MARTINEZ WHEN IT SENTENCED HIM TO NON-MINIMUM AND CONSECTUIVE PRISON TERMS BASED ON FACTS NOT PROVEN BY A JURY OR ADMITTED BY THE DEFENDANT-APPELLANT.
 ASSIGNMENT OF ERROR NO. II DEFENDANT-APPELLANT MARTINEZ WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE TIME OF SENTENCING, WHEN DEFENSE COUNSEL'S PERFORMANCE OF HIS DUTIES WAS DEFICIENT IN THAT HE FAILED TO FUNCTION AS THE COUNSEL GUARANTEED BY THE SIXTH AMENDEMNT TO THE UNITED STATES CONSTITUTION, AND DEFENDANT-APPELLANT *Page 4 WAS PREJUDICED BY COUNSEL'S PERFORMANCE.
 {¶ 8} In his first assignment of error, Martinez asserts that the trial court erred in sentencing him because it failed to find that he had served a previous prison term when it sentenced him. Martinez argues that non-minimum and consecutive sentences are unconstitutional and cites State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Further, Martinez asserts that he is entitled to minimum concurrent sentences.
 {¶ 9} In his second assignment of error, Martinez maintains that he was denied effective assistance of trial counsel because his trial counsel failed to object to the trial court's lack of findings and the trial court's failure to state specific reasons for imposing more than the minimum sentence. Further, Martinez maintains that he was denied effective assistance of counsel because his trial counsel failed to object to the imposition of consecutive sentences.
 {¶ 10} "[W]here a criminal defendant, subsequent to his or her direct appeal files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158,160, 1997-Ohio-304, 679 N.E.2d 1131. *Page 5 
 {¶ 11} After reviewing Martinez's motion to correct sentence, we find that the motion constitutes a petition for post conviction relief.
 {¶ 12} "If no appeal is taken, except as otherwise provided in section2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filling the appeal." R.C. 2953.21(A)(2). The time limit for filing a direct appeal is thirty days. App.R. 4(A).
 {¶ 13} The trial court's sentencing entry was filed on July 6, 1999. Martinez filed his motion to correct sentence on June 23, 2006, which is clearly longer than the time limit for filing a postconviction relief petition. Accordingly, we find that Martinez's motion was not filed within the time requirement of R.C. 2953.21.
 {¶ 14} The trial court may hear a petition for postconviction relief that is not filed within the time requirements of R.C. 2953.21 only if the exceptions set forth in R.C. 2953.23(A) apply. This court has previously stated that "a petition for postconviction relief, which is not timely filed under R.C. 2953.21(A)(2) and raises non-death penalty sentencing issues, will be barred because R.C. 2953.23 is inapplicable to such sentencing issues." State v. Lucas, 3d Dist. No. 9-05-31,2006-Ohio-2508, at ¶ 12. *Page 6 
 {¶ 15} Since Martinez's postconviction petition was not timely filed under R.C. 2953.21 and raised non-death penalty sentencing issues, the petition is barred. Accordingly, Martinez's first and second assignments of error are overruled.
 {¶ 16} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1