OPINION
This matter is before the Court on the Notice of Appeal of Craig Bishop, filed May 15, 2007. On May 29, 2003, Bishop was convicted by a Clark County Jury of possession of crack cocaine, in violation of R.C. 2925.11, tampering with evidence, in violation of R.C. 2921.12, and improperly discharging a firearm at or into a habitation, in violation of *Page 2 
R.C. 2923.161, with a specification that he committed this violation by discharging a firearm from a motor vehicle other than a manufactured home in violation of R.C. 2941.146. Bishop was sentenced consecutively to 19 years in prison as follows: four years for possession of crack cocaine, three years for tampering with evidence, seven years for improperly discharging a firearm at or into a habitation, and five years on the gun specification, served prior to and consecutive with the seven year term. We affirmed Bishop's conviction and sentence on November 19, 2004.
 {¶ 1} On February 18, 2005, Bishop filed an untimely pro se Petition to Vacate or Set Aside Sentence, in which he sought post-conviction relief pursuant to R.C. 2953.21, a Motion for Expert Assistance, and a Motion by Defendant for a Delayed Appeal. On March 10, 2005, the trial court issued an Entry that provided, "Defendant's motions for court appointed expert assistance, to vacate or set aside his sentence and for a delayed appeal are OVERRULED. This defendant was appointed counsel for his appeal. His conviction and sentence were affirmed by the Second District Court of Appeals. The defendant has no right to another appeal on the same issues. Defendant is not entitled to a court appointed attorney for [a] post conviction relief motion."
 {¶ 2} On August 23, 2006, we issued a Decision and Entry dismissing Bishop's appeal, wherein we noted, "The motion Defendant filed fails to comply with App. R. 5(A)(2). The required notices of appeal were not filed with it. Consequently, Defendant's motion fails to identify the final judgment or order appealed from. Further, Defendant's motion is wholly lacking of any reason why he failed to file an appeal as of right. To the extent that would be an appeal from the trial court's judgment of conviction and sentence in Case No. 03-CR-134 dated *Page 3 
June 4, 2003, we note that we affirmed that judgment in a prior review on appeal. * * * In that event, the principle of `one trial, one review' bars a second review of the same judgment as a delayed appeal otherwise permitted by App. R. 5."
 {¶ 3} On September 12, 2006, the trial court issued an Entry sustaining Bishop's February 18, 2005 Petition to Vacate or Set Aside Sentence, pursuant to State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856. The trial court's Entry provides, "The Court feels compelled to caution the defendant that, while he may argue for a reduction in his sentence, nothing prevents the state from seeking a greater penalty." On October 20, 2006, the trial court resentenced Bishop consecutively as follows: two years for possession of crack cocaine, two years for tampering with evidence, eight years for firing at or into a habitation, and five years for the drive-by firearm specification, for a total sentence of 17 years.
 {¶ 4} On November 13, 2006, Bishop filed a Notice of Appeal in which he stated he was appealing the court's judgment of October 20, 2006. On January 31, 2007, we issued a Decision and Final Judgment Entry that provided, "On December 12, 2006, we ordered Appellant to show cause why his appeal should not be dismissed because Appellant failed to attach to his notice of appeal a final judgment entry of the trial court, and the trial court docket did not indicate that a final judgment was ever journalized on October 20, 2006. To date, Appelant has not responded to our show cause order. Accordingly, the above-captioned appeal is DISMISSED for lack of a final appealable order."
 {¶ 5} On April 17, 2007, the trial court journalized an Entry regarding Bishop's re-sentencing. Attached to Bishop's May 15, 2007 Notice of Appeal is the trial court's Entry sustaining Bishop's petition for post-conviction relief. *Page 4 
 {¶ 6} Bishop asserts four assignments of error as follows:
 {¶ 7} "DEFENDANT'S SENTENCED UNCONSTITUTIONAL UNDER R.C. 2953.23,"
 {¶ 8} And,
 {¶ 9} "EX-POST FACTO CLAUSE AND DUE PROCESS,"
 {¶ 10} And,
 {¶ 11} "RULE OF LENITY."
 {¶ 12} And,
 {¶ 13} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT HOLD PROPER POST-CONVICTION RELIEF HEARING"
 {¶ 14} We do not reach the merits of Bishop's arguments.
 {¶ 15} We first note that "Foster only applies to cases that were already on direct appeal or still pending in the trial court whenFoster was decided," and Foster has no application to Bishop's petition for post-conviction relief. State v. Dunn, Montgomery App. No. 21553,2007-Ohio-1666.
 {¶ 16} Further, the trial court's decision initially overruling Bishop's petition is a final appealable order. R.C. 2505.02(B). Section 3(B)(2), Article IV of the Ohio Constitution provides, "Courts ofappeal shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district. * * * ." (Emphasis added). The trial court herein lacked jurisdiction to sustain Bishop's petition for post-conviction relief and modify his sentence.
 {¶ 17} "In general, a void judgment is one that has been imposed by a court that lacks *Page 5 
subject-matter jurisdiction over the case or the authority to act."State v. Simpkins (2008), _ N.E.2d_, 2008-Ohio-1197, ¶ 12 (citation omitted). "`The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.'" (citations omitted). Id., at ¶ 19.
 {¶ 18} Since the trial court lacked jurisdiction to sustain Bishop's petition for post-conviction relief, the court's judgment reducing Bishop's sentence from 19 to 17 years is null and void.
BROGAN, J. and VALEN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Amy M. Smith
Craig Bishop
 Hon. Douglas M. Rastatter *Page 1